## BROWN v. CALVERT.

No. 6215.    Opinion Filed April 18, 1916.

(157 Pac. 284.)

**JUDGMENT—Conclusiveness—Matters Concluded.** Where, in an action for the possession of trespassing animals distrained and being held until damage occasioned by them is paid, defendant answers, setting forth such trespass. distraint. and damages, and seeks recovery therefor against plaintiff, and it is pleaded and proved that pending such action, in a separate suit, defendant had recovered judgment against plaintiff for the same trespass and damage, **held,** that the former judgment in the independent action is conclusive between the parties of the fact and amount of such damage, and a bar to further recovery.

(Syllabus by Bleakmore, C.)

*Error from County Court, Coal County;*

*D. D. Brunson, Judge.*

Action by E. A. Calvert against John Brown. Judgment for plaintiff, and defendant brings error. Affirmed.

*G. T. Ralls* and *A. T. West,* for plaintiff in error.

*George Trice,* for defendant in error.

Opinion by BLEAKMORE, C. This is an action in replevin commenced in the county court of Coal county by E. A. Calvert, plaintiff, against John Brown, defendant, to recover possession of certain cattle. The parties are referred to as they appeared below. After service of the order of delivery, defendant executed a redelivery bond.

Defendant answered, alleging that the cattle in suit while unlawfully running at large and trespassing upon his lands had been distrained by him, and at the commencement of the action were being held until certain damages suffered by reason of the destruction of his crops had been paid. There was prayer for such damages against plaintiff. Plaintiff in reply pleaded that subsequently to the bringing of this suit defendant commenced an independent action in the district court of Coal county wherein he sought and recovered judgment for all damages sustained by reason of the facts set forth in his answer herein, etc.

There was trial to a jury, which, by direction of the court, returned a verdict for plaintiff, and judgment was rendered accordingly.

An excerpt from the brief of defendant will serve as a further statement of facts:

"The cattle of the defendant in error broke into the field of the plaintiff in error, and the plaintiff in error took up 12 head while in his field and restrained them, and immediately notified the defendant in error, the owner of the cattle, to appear and pay the damages and take the cattle. The defendant in error failed and refused to appear, and the plaintiff in error notified the justice of the peace at Lehigh to appear and assess the damages, and the defendant in error was notified to appear at the same time; but before the justice of the peace had time to inspect the premises and assess the damages the defendant in error

instituted a suit in replevin for the possession of the cattle, and the plaintiff in error executed a redelivery bond. Shortly after the replevin suit was filed by defendant in error in the county court the plaintiff in error filed a petition in the district court to recover damages to his crop caused by the cattle of the defendant in error, and judgment was rendered in favor of the plaintiff in error, but not for the full amount of damages suffered. The case in the district court was tried and settled before the trial of the case in the county court, and when the replevin suit in the county court came up for trial the defendant in error claimed that the plaintiff in error waived his lien to the cattle by filing the suit in the district court, and pleaded that a judgment in the district court was a bar to the plaintiff in error's right to recover damages and to maintain his lien on the cattle."

The judgment of the district court had been satisfied at the time of the trial of the present action. In our opinion, there was no error in the proceedings in the trial court.

It is the established rule in this jurisdiction that:

"Where animals are taken damage feasant, and are replevied by the owner, the defendant in that action may recover the damages which he has suffered by reason of the trespass, and a separate action is not necessary." (Bottoms v. Clark et al., 38 Okla. 243, 132 Pac. 903.)

And defendant might properly have awaited the trial of this cause to assert a lien and have determined the fact and amount of his damage suffered by reason of the trespass of the animals sought to be recovered herein. This, however, he did not see fit to do, but, on the contrary, pending the determination of the instant case, he began and prosecuted to judgment an independent action against the plaintiff in this suit wherein he pleaded and recovered

upon identically the same cause of action declared upon in his answer herein. Therefore the former judgment of the district court of Coal county is conclusive as to every matter set forth in the answer, and a bar to any recovery against plaintiff in the present suit. *McDuffie v. Geiser Mfg. Co. et al.,* 41 Okla. 488, 138 Pac. 1029.

Defendant contends that at the time this action was commenced he had a lien upon the cattle involved, which was not waived by his action in the district court, and which, subsisting at the trial hereof, constituted a complete defense to plaintiff's right of recovery. Such position is untenable. The only lien defendant could ever have established against the cattle sought to be recovered herein was one to secure the payment of the damage he suffered by their trespassing; and, when this action was tried, such lien (if the same was not waived) had been discharged by the payment and satisfaction of the judgment for such damages rendered in the district court.

The judgment of the trial court should be affirmed.

By the Court:  It is so ordered.