## BRISLEY et al. v. MAHAFFEY.

No. 10377—Opinion Filed July 25, 1922.

Rehearing Denied Oct. 24, 1922.

(Syllabus.)

**1. Judgment—Matters Concluded.**

A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties, or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

**2. Pleading — Judgment — Counterclaim— —Waiver of Objection.**

Where a counterclaim for damages on account of an alleged wrongful attachment is pleaded in the answer, and the issues joined thereon, and judgment rendered on said counterclaim, both parties waive any objection thereafter that such claim was not a proper item to be pleaded as a counterclaim.

**3. Action—Judgment—Splitting Causes of Action—Bar.**

A single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions for different parties. If this is done, and separate actions are brought for different parts of such demand or cause of action, a judgment upon the merits in one will be available as a bar in the others.

**4. Judgment—Matters Concluded.**

A judgment is conclusive in a second suit upon the same cause of action and between the same parties as to every question which was or might have been presented and determined in the first suit.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by William Mahaffey against Ben Brisley and others on supersedeas bond.

Judgment for plaintiff, and defendants bring error. Affirmed.

P. Mounts, for plaintiffs in error.

Wilson & Roe, for defendant in error.

McNEILL, J. In 1908 William Mahaffey brought suit against Ben Brisley to recover rent for a farm rented to Brisley and attached certain crops growing on said land. Brisley filed an answer and counterclaim for damages by reason of plaintiff having wrongfully attached the crops of defendant. The case was tried in 1908, and the jury returned a verdict finding Brisley indebted to plaintiff for rent in the sum of $960, and upon the counterclaim found in favor of Brisley for $312 for the wrongful issuance of the attachment, and the court rendered judgment for Mahaffey for $648. From said judgment both parties appealed to this court.

Mahaffey appealed from the judgment of the court dissolving the attachment and the damages awarded in the sum of $312. Brisley appealed from the judgment against him in the sum of $648, and executed a supersedeas bond. It is stated by both parties that the appeal was dismissed by this court, which amounted to an affirmance of the judgment of the lower court. Mahaffey then filed suit against Brisley and the sureties on said bond for the amount of judgment and costs. The defendants, Brisley and the sureties, filed an answer, admitting the execution of the bond, and filed a counterclaim for damages by reason of the wrongful attachment of the crops in the former action and alleged damages in the sum of $1,700. The plaintiff filed a reply pleading that the counterclaim had been fully adjudicated in the former suit where Mahaffey was plaintiff and Brisley was defendant and the judgment was res adjudicata. The case came on for trial to a jury. The defendants admitting the execution of bond, and the amount due, it was agreed the burden was upon defendants to prove their counterclaim. At the close of testimony, when both parties rested their case, the plaintiff moved the court to instruct the jury to return a verdict for the plaintiff. The court held that the judgment in the former action for damages by reason of the wrongful attachment was res adjudicata, and instructed the jury to return a verdict in favor of the plaintiff for the amount of the judgment in the former action less $150 damages, which amount was agreed upon as sustained by reason of a garnishment proceeding. From said judgment the defendants have appealed.

For reversal the defendants contended that the court erred in refusing to submit their counterclaim or set-off to the jury, and the court erred in holding that the plaintiff in error's counterclaim had been adjudicated. This court in a long line of decisions has stated as follows:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties, or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action." McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029; Oklahoma Moline Plow Co. v. Smith, 81 Okla. 61, 196 Pac. 962; Brown v. Calvert, 57 Okla. 364, 157 Pac. 284.

The defendant in error in the trial below introduced the petition in the former case, the answer of the defendant, the verdict of the jury, and the judgment of the court. The answer set up the counterclaim for damages for the wrongful and illegal issuing of the attachment, the verdict of the jury allowing the defendant $321 upon said counterclaim, and the court in its judgment allowed the defendant that amount and that judgment was affirmed by this court. Plaintiffs in error, however, contend that their counterclaim did not legally exist at the time of the former trial of the case, for the reason the attachment was not legally discharged and set aside until the case was dismissed in this court.

This court in the case of Word v. Nakdimen, 74 Oklahoma, 178 Pac. 257, stated:

"Where a counterclaim for damages on account of an alleged wrongful attachment is set up in the answer, the plaintiff, by filing a reply, thereby joins issue thereon, and waives the objection that such damages were not proper subjects for counterclaim in the action."

To the same same effect are the cases of Wyman v. Herard, 9 Okla. 35, 59 Pac. 1009; Scanlan v. Barkley, 72 Oklahoma, 178 Pac. 674.

Plaintiff in error contends that the question of attorney fees and certain other items was not litigated in the former action, nor did he make any claim therefor. This court, in the case of Akin v. Bonfils, 67 Okla. 123, 169 Pac. 899, stated as follows:

"A single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions for different parts. If this is done, and

separate actions are brought for different parts of such demand for cause of action, a judgment upon the merits in one will be available as a bar in the others."

The plaintoiffs in error having pleaded as a counterclaim in the former action damages for the wrongful attachment and having recovered therefor, cannot now maintain an action for other and different damages caused by the same wrongful attachment. The rule is stated:

"A judgment is conclusive in a second suit upon the same cause of action and between the same parties as to every question which was or might have been presented and determined in the first suit."

See Oklahoma Moline Plow Company v. Smith, supra.

Plaintiffs in error, however, contend that an estoppel of a judgment extends to the facts as they were at the time the judgment was rendered, and the legal rights and relations of the parties are fixed by the facts so determined, and when new facts intervene before the second suit furnishing a new basis for the claims and defenses of the parties, respectively, the issues are no longer the same, and consequently the former judgment cannot be pleaded in force. This is perhaps true, but the plaintiff pleaded no such state of facts, nor proved any such state of facts. Plaintiff in error in this action asked for damages for attorney fees; this item could have been pleaded in the former action as well as any other part of his claim. He also pleaded loss of wheat attached, corn attached, and oats attached, value of the use of the premises, and value of the use of house, value of use of pasture. The record discloses that the property was attached on July 27, 1908. The case was not tried until November, 1908, and all the damages to the wheat, oats, and corn and use of the premises, according to the evidence, occurred prior to that time, and were just as much a part of his damages as any other item he pleaded. The plaintiffs in error having elected to pursue their remedy for damages for the wrongful attachment in the prior suit and having recovered a judgment for the same, cannot now maintain an action for damages based upon the wrongful attachment to include items not included in the former suit. There is no evidence that any of the damages claimed accrued since the trial of the former case.

The evidence being undisputed upon the question of res adjudicata, it was not error for the court to direct a verdict for the plaintiff and against the defendants

For the reasons stated, the judgment is affirmed.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur.