## In re ESTATE OF JULIA WHITSON. CARTER v. WHITSON.

No. 11014—Opinion Filed Feb. 6, 1923.

(Syllabus.)

**1. Dower and Curtesy Abolished.**

Under section 8419, Revised Laws 1910, dower and curtesy were abolished and the husband's interest in an intestate wife's separate property is by inheritance.

**2. Wills — Husband and Wife — Statutory Construction.**

The provision of section 8341, Revised Laws 1910, prohibiting a married man or woman from bequeathing more than two-thirds of their property away from the husband or wife, is only a limitation or restriction upon the power of such husband or wife in making testamentary disposition of their property and is not applicable to a will of such person not violative of the provision. The provision of the section does not vest the husband or wife with any interest in their separate property during their lifetime, nor operate as a law of descent when such husband or wife dies intestate.

**3. Taxation—Inheritance Tax.**

The inheritance tax provided for by chapter 162 of Session Laws 1915, is clearly a tax or duty upon the right or privilege of taking property under the law of succession.

**4. Same—Computation.**

Where the deceased wife, a resident of the state of Nebraska on the date of death, owns real estate in Kay county, Oklahoma, of the appraised value of $33,750, had devised the whole of her estate to her husband, William Whitson, a resident of Nebraska, and the county court of Kay county computed the amount of inheritance tax upon the appraised value of the estate after deducting the statutory exemption of $5,000, making the total cash value of the estate $28,750, and fixed the amount of tax thereon at $325, held that the tax as computed by the county court was correct and that the district court committed reversible error in not affirming the order of the county court.

Error from District Court, Kay County; J. W. Bird, Judge.

Proceedings to determine amount of inheritance tax in re Estate of Julia Whitson. Reversed and remanded, with directions.

### Statement of Facts.

This is an appeal from the judgment of the district court of Kay county, Oklahoma, reversing a judgment rendered by the county court of Kay county, Oklahoma, fixing the amount of inheritance or transfer tax due upon the estate of Julia Whitson, deceased.

The decedent was a resident of the state of Nebraska and at the time of her death owned real estate in Kay county, Oklahoma, of the appraised value of $33,750, and devised the whole of her estate to her husband, William Whitson, who was also a resident of the state of Nebraska.

The order of the county court of Kay county fixed the value of the real estate at $33,750, from which was deducted the statutory exemption under the inheritance tax law of $5,000, thereby making the taxable cash value of the Oklahoma estate $28,750, and fixing the tax thereon at $325.

The legatee, William Whitson, appealed from said order to the district court of Kay county upon a question of law and contended that the county court of Kay county misconstrued chapter 162 of the Session Laws of Oklahoma, 1915, in which said court held that the entire appraised value of the decedent's real estate in Oklahoma, less the sum of $5,000, the exemption allowed under chapter 162, Session Laws 1915, was taxable, and that said county court should have held that said legatee was only liable for inheritance tax upon two-thirds of the appraised value of said estate less $5,000, because the legatee was the husband of the decedent and that the statutes of the state of Oklahoma provided that the husband of the wife while married could not bequeath more than two-thirds of his property away from the surviving spouse. The district court of Kay county found in favor of the legatee and fixed the amount of tax due to the state of Oklahoma in the sum of $175, and from said order of said district court the plaintiff in error is appealing to this court.

It is agreed in the pleadings that the estate in Oklahoma was of the value of $33,750, and that $5,000 is the statutory exemption and no contention is made that the inheritance tax law, as enacted by the Legislature of the state of Oklahoma in 1915 and set out in chapter 162 of the Session Laws of that year, is not right and proper, but the sole contention seems to be that because the Revised Laws of 1910, section 8341, provides that:

"No man while married shall bequeath more than two-thirds of his property away from his wife, or shall any woman while married bequeath more than two-thirds of her property away from her husband"

—one-third of the estate had already passed to the husband by operation of law, and is therefore not subject to the inheritance tax.

S. P. Freeling, Atty. Gen., and C. W. King, Asst. Atty. Gen. (N. W. Gore, Inheritance Tax Atty., of counsel), for plaintiffs in error.

L. A. Maris, for defendant in error.

KENNAMER, J. Counsel for William Whitson, defendant in error, state their contention to be that, under the facts, the property of the estate in controversy did not pass by the laws of succession or inheritance

nor by will, but by the provision of section 8341, Revised Laws 1910, which is not a law of succession or inheritance, but a law in lieu of dower, and that such property would pass by virtue of this provision in spite of a will. In support of this contention the case of Strawn v. Wayne (Neb.) 142 N. W. 678, is cited. The court in the opinion stated:

"The share of the realty and personalty, which under our law goes to the widow independent of any will or act of her husband, is not, so to speak, a part of his estate, and is no more liable to a succession tax at his death than is her individual property, derived from her own ancestors and held in her own name, though the husband may have had the management and control of the estate during his lifetime.

"The effect of our decedent law is practically the same as the law of community property, and the courts of those states which have adopted that law have held, with but a single exception, that the wife is not liable, upon the death of her husband, to pay an inheritance tax on her one-half of the community property for the reason that the property does not pass to her by will or by the intestate laws of the state.

"It is argued by counsel for the appellee that, the Legislature having abolished the estates of dower and curtesy, that rule has no application to the present controversy. It appears, however, upon an examination of the authorities, that the Legislature of the state of Iowa, in 1873, passed an act abolishing estates of dower and curtesy, and giving to the surviving spouse a fee-simple interest in one-third of the estate of the deceased."

We are unable to reach the same conclusion under the statutes of this state governing the devolution of estates. It is clear in the case, supra, the court held that the widow's share which she takes is no part of her deceased husband's estate. The court then states that "the effect of our decedent law is practically the same as the law of community property." Such a construction of the applicable statutes of this state with regard to the property of the husband or wife has been repudiated by this court. In the case of York v. Trigg et al., 87 Okla. 214, 209 Pac. 417, this court held:

"In this state under section 8419, Revised Laws 1910, dower and curtesy were abolished, and the wife's interest in her husband's property, both personal and real, is by inheritance."

In York v. Trigg et al., supra, it was held, approving the rule in the case of Garrison v. Spencer et al., 58 Okla. 442, 160 Pac. 493:

"A married man may, during his lifetime, give away his separate property, and such gift will be valid and binding against his widow, where she is not a creditor within the contemplation of the statute against fraudulent conveyances."

In York v. Trigg et al., supra, it was held:

"The rule under the common law was, under the statutes, where the wife had the right of dower in the land of her husband, and the right had once attached, the husband could not by gifts deprive the wife of her dower interest in the lands. But under rights of inheritance conferred upon the wife by statute, the rule is that the husband may, during his lifetime, by gifts or conveyances made in good faith, without any intention of defrauding the wife, transfer his real or personal property. 18 C. J. sec. 114; Samson v. Samson, 67 Iowa, 259, 25 N. W. 233."

It is plain under the statutes of this state abolishing dower and curtesy and vesting married women with the same right to contract in regard to their separate property as the husband, that it evidenced a purpose on the part of the Legislature to remove such property just as far away from rules of law applicable to dower and curtesy as possible. It is quite plain from a reading of the provision of section 8341, supra, prohibiting the husband or wife from willing away more than two-thirds of their property, that such provision is only a limitation or restriction upon the power of such husband or wife in making testamentary disposition of their property. The provision in no way provides for the disposition of the property at death, but only takes from the testator the power to will away more than two-thirds of his or her property from the surviving husband or wife. But it is apparent that such a limitation on the testator does not make his property any less part of his estate inheritable by the heirs as provided for in section 8418, where no testamentary disposition is made. If a married man disposes of his estate by will and the will violates the statute with regard to his surviving spouse, she may elect to take under the will or under the statute of descent and distribution. But in either case she comes to the estate either by the will or the law of descent and distribution. York v. Trigg et al., supra. The provision of section 8341, qualifying the power of a married person to make testamentary disposition of their property by no reasonable construction has the effect of vesting title. In the case of In re Harkness' Estate, 83 Okla. 107, 204 Pac. 911, it was held:

"Chapter 162, Sess. Laws 1915, as amended by chapter 296, Sess. Laws 1919, and section 6193, Revised Laws of 1910, held to be valid and enforceable as to transfers of all tangible property in this state made by any person, and as to all intangible property made by a resident of this state at the time of the transfer, and made by will or the intestate laws of this state."

The inheritance tax provided for by chapter 162 of Session Laws 1915, is clearly a tax or duty upon the right or privilege of taking property by will or under the law governing the devolution of the estate. Booth's Executor v. Commonwealth, 130 Ky. 88.

The Supreme Court of the state of Pennsylvania, in the cases of Strode v. Commonwealth and Clymer v. Commonwealth, reported in 52 Pa. 181, and which decisions were afterward sustained by the Supreme Court of the United States (41 L. Ed. 287), very pertinently says:

"I repeat, therefore, as the right to take by succession and testament is derived from the state, it must necessarily be enjoyed subject to such conditions as the state may impose. And if a condition be that the kindred or legatees shall pay a bonus, this is not a tax or burden imposed on their property or on the property of anybody else. It is simply the price of the privilege which the state has conferred upon them. If they do not choose to avail themselves of the privilege they need not pay the price and are no worse off than before."

In Minot v. Winthrop, 162 Mass. 113, 26 L. R. A. 259, and State v. Alston, 94 Tenn. 674, 28 L. R. A. 178, the courts of each state said: A reasonable excise tax on the transmission of decedents' property is not in violation of the owner's right of transmission as a necessary incident of property.

We have no difficulty in concluding in the instant case, the defendant in error having taken all the property under the will, the statute, supra, limiting the power of a married person in disposing of their property by will, has no application and the will under which the legatee succeeded to the property in no way violates the statute. It would seem that a mere statement of the proposition of the defendant in error involved here is sufficient to expose the fallacy of it. The devisee is in the position of accepting all the devisor's legacy under the testamentary disposition valid under the law, but in order to escape the inheritance tax asserts that, because the law limited the power of the testatrix in making the will, the limitation contained in section 8341, supra, vested title in him as the surviving husband of the deceased in one-third of her property. The

restriction on the testamentary power of the testatrix did not vest the devisee with any interest in the estate, but the interest, if not passed by the will, passed upon death, according to the law of succession. The defendant in error acquired no interest in his wife's property by reason of the restriction on the power to make a will found in section 8341. The section of the statute only affords the husband or wife protection against a testamentary disposition of more than two-thirds of the property away from such person. In the event the husband or wife dies intestate the statute is not involved in the distribution of the estate. The law is fundamental that an expectant heir has no vested interest or estate in property which he may subsequently inherit. In re Barnes' Estate, 47 Okla. 117, 147 Pac. 504; In re Pigeon's Estate, 81 Okla. 180, 198 Pac. 309; 18 C. J. sec. 111.

The judgment of the district court is reversed, and cause remanded with directions to enter judgment for plaintiff in error.

JOHNSON, V. C. J., and KANE, NICHOLSON, COCHRAN, BRANSON, and HARRISON, JJ., concur.