**HENSLEY et al. v. CONARD et al.**

No. 14589—Opinion Filed May 13, 1924.

1. **Judgment—Res Adjudicata—Pleading—Indentity of Issues—Judgment on Pleadings.**

In an action upon certain promissory notes and to fix a lien, where the answer sets up a former adjudication and the record shows that in a prior action between the same parties the plaintiffs in the instant action sought to recover from these same defendants certain real estate for which these same notes were traded as part payment, the right to recover such real estate being based upon the refusal of defendants to indorse said notes and a consequent alleged breach of the contract of sale and purchase, and the court determined that such contract did not require defendants to become indorsers of such paper so as to become liable thereon, but that such notes were taken for their face value as a pro tanto payment on the purchase price, and determined that the purchase price of said property had been paid in full, such prior adjudication operates as a bar to recovery in the present action, and a judgment on the pleadings was properly sustained, no appeal having been taken from the prior judgment.

2. **Same—Fraud in Procurement of Former Judgment.**

In such case, where the reply seeks to avoid the defense of res adjudicata by pleading fraud in the procurement of the prior judgment, but the fraud relied on is alleged false defenses to the prior action and alleged perjury in support thereof, no issue is raised by such reply, the former case having been fully litigated with all parties present and the judgment having become final.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Hensley Brothers against A. P. Conard and L. N. Conard to recover judgment upon certain promissory notes and to fix a lien. Judgment for defendants, and plaintiffs bring error. Affirmed.

This action was commenced April 19, 1922, by plaintiffs filing a petition in the district court of Okmulgee county, Okla., in which it was alleged, in substance, that Wm. L. Hensley and Arthur L. Hensley are partners doing business under the firm name and style of Hensley Brothers at Morris, Okla.; that on or about September 4, 1920, plaintiffs and defendants made and entered into a written contract for the sale and purchase of certain real estate and the contract between the parties is set out in full in the petition; omitting the formal parts, the material paragraphs of said contract read as follows:

"That said party of the first part hereby covenants and agrees that if the party of the second part shall first make the payment and perform the covenants hereinafter mentioned or—part to be made and performed, the said party of the first part will convey and assure to the party of the second part,

in fee simple, clear of all encumbrances whatever, by good and sufficient warranty deed, the following lot, piece or parcel of real estate with the appurtenances thereunto belonging, situate in the county of Okmulgee and state of Oklahoma, to-wit: Lots 12, 13 and 14, Block 12, in the original town of Morris, according to the recorded plat thereof.

"And the party of the second part hereby covenants and agrees to pay to said party of the first part the sum of $1,800 in the manner following:

"$205 cash in hand paid, the receipt whereof is hereby acknowledged, and the balance as follows:

"Three notes made and given by Charley Barnett, payable as follows: one note under date August 9, 1920, $200, due November 1, 1920; one note under date August 9, 1920, $350, due November 15, 1920; one note under date August 9, 1920, $15, due December 1, 1920, each secured by chattel mortgage; one note to L. E. Edmondson in the sum of $280, balance due under date of 5-21-1920, payable as follows, payable $50 per month beginning September 21, 1920; the remainder of the consideration to be paid at the rate of $100 per month beginning October 1, 1920, with interest at the rate of 10 per cent. per annum, payable at maturity annually on the whole sum remaining from time to time unpaid, and to pay all taxes, assessments or impositions that may be legally levied or imposed upon said land subsequent to date.

"And in case of the failure of the said party of the second part to make either of the payments, or perform any of the covenants on her part hereby made and entered into, this contract shall at the option of the party of the first part, be forfeited and determined, and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and liquidation of all damages by him sustained, and the said party of the first part shall have the right to reenter and take possession of the premises aforesaid."

Plaintiffs also attached to their petition copies of the notes described in the above contract, each of said notes bearing the indorsement:

"9-4-20   This note sold this day to Hensley Bros.

                              "A. P. Conard."

Plaintiffs further allege that the transfer of these notes by defendants was made without indorsing thereon the name of L. N. Conard, and that the withholding of such indorsement was intentionally and fraudulently done for the purpose of hindering and delaying plaintiffs in enforcing payment of said notes; that plaintiffs were led to believe that said notes were properly indorsed and did not discover that they were not so indorsed until long after their transfer; that the face value of these notes in the sum of $929.50 with interest is still due and unpaid to plaintiffs upon the purchase price of the real property described in said contract, and pray for judgment against defendants for the sum of $929.50 with interest, and that a lien be fixed upon lots 12, 13, and 14 in Block 12 in the original town of Morris to secure the payment of same, and for a foreclosure of such lien.

Defendants answered by general denial and pleaded specially that plaintiffs were barred and precluded from maintaining this action by reason of a prior judgment had in the same court between the same parties and upon the same subject-matter in cause No. 8742 in said court, said judgment having been entered March 1, 1922; said judgment is copied in full in the answer of the defendants, and defendants allege that said judgment has become final by reason of plaintiffs' failure to appeal.

Plaintiffs replied to the answer of the defendants, and defendants thereupon filed a motion for judgment on the pleadings, which motion was by the court sustained February 7, 1923, and judgment entered in favor of the defendants. After unsuccessful motion for new trial, plaintiffs commenced this proceeding in error to review said judgment in this court. The parties will be hereafter referred to as plaintiffs and defendants, respectively, as they appeared in the trial court.

H. S. Samples and T. F. Shackelford, for plaintiffs in error.

John L. Maynard, for defendants in error.

Opinion by LOGSDON, C. The petition in error in this case contains 12 assignments, only three of which are presented and argued in the brief, and in the view taken of this case here it will only be necessary to consider the first assignment of error, which reads:

"Said court erred in overruling the motion of plaintiffs in error to vacate, set aside and hold for naught the judgment rendered in said cause and to grant plaintiff in error a new trial."

By their answer defendants presented to the trial court the defense of res adjudicata, and by the reply plaintiffs denied such allegation of the answer. Defendants thereupon filed a motion for judgment on the pleadings, which was sustained by the court and

judgment rendered in favor of the defendants. If this plea of res adjudicata is sustained by the record, it is decisive of this case and the judgment of the trial court must be sustained.

The record in this case shows that plaintiffs herein filed an action in ejectment against the defendants herein to recover the identical lots described in plaintiffs' petition herein, alleging, in substance, a failure to pay the purchase price thereof and a consequent forfeiture and a right to possession in the plaintiffs in said action. The contract heretofore set out was directly involved in the ejectment action for the reason that the right of plaintiffs in that action to possession of the premises depended upon an adjudication by the court that defendants had defaulted in the terms of the contract of purchase. That portion of the prior judgment material to be considered here reads as follows: ·

"It is therefore ordered, adjudged, and decreed by the court that the plaintiffs take nothing by their action; that the said plaintiffs have no right, title or interest in and to the premises involved in this action, to wit: Lots 12, 13 & 14 in block 12 in the original town of Morris, Okla.

"It is further ordered, adjudged and decreed that the defendant, L. N. Conard, is the true and lawful owner of said premises, and has paid in full the purchase price thereof according to the terms of the contract of sale and purchase set up in the answer of the defendants, and that the plaintiffs received and accepted the notes described in said contract of purchase and sale as payment pro tanto on the purchase price of said premises and all the residue of said consideration has been paid in cash; and the said defendant is entitled to have delivered to her the warranty deed to said premises, which was introduced in evidence in this case, and it is ordered and adjudged that the same be delivered to the said L. N. Conrad for the purpose of registration and as a muniment of title; and if the said plaintiff shall fail to deliver said deed or cause same to be delivered for twenty days from date hereof, or shall fail in lieu thereof to deliver to the said L. N. Conard a general warranty deed conveying to her the premises hereinbefore described, then the said defendant shall be entitled to a certified copy of this judgment, to be recorded in the office of the register of deeds of Okmulgee county, as a muniment of title and when so recorded the same shall have the force and effect of a warranty deed in fee simple from the plaintiffs to the said L. N. Conard.

It is thus seen that in the ejectment action the court had before it and construed the contract of sale and purchase now pleaded in this action and the same set of notes described in said contract and now made the basis of this action. In the ejectment suit the court adjudged and determined that that was no agreement upon the part of the defendants that L. N. Conard should indorse and become liable upon said notes, but that the same were received and accepted by the plaintiffs at their face value as a payment pro tanto upon the purchase price of said property, and found also that the additional cash consideration had been paid in full. These findings involve the identical issues presented in the present action in which it is sought to recover a personal judgment against the defendants for the face value of said notes as indorsers and guarantors thereof.

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them, and can not be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action."

Comanche Ice & Fuel Co. v. Binder & Hillery, 70 Okla. 28, 172 Pac. 629; Uncle Sam Oil Co. v. Richards, 73 Oklahoma, 175 Pac. 749; Deming Inv. Co. v. Shannon, 62 Okla. 277, 162 Pac. 471; Cressler v. Brown, 79 Okla. 170, 192 Pac. 417; Johnson v. Gillette, 66 Okla. 308, 168 Pac. 1031; Brown v. Calvert, 57 Okla. 364, 157 Pac. 284.

Plaintiffs seek to avoid the effect of the rule above stated in this jurisdiction by insisting that their reply raised an issue of fraud which entitled them to go to the jury. Their allegation as to the nature of the fraud alleged to have been perpetrated is, in substance, that defendants in the ejectment action, who are defendants in this action, fraudulently defended that action on the ground that plaintiffs had only to sue the makers of said notes and recover judgment for the amounts thereof before the security of said notes had become dissipated and lost, and plaintiffs further allege:

"That they are entitled to have said judgment and decree rendered in said cause No. 8742 set aside and held for naught, or at least modified to such extent as will permit the plaintiffs to recover judgment in this cause as prayed for in their petition, by reason of the fact that said defendant has willfully perpetrated said fraud upon the jury, the court and these plaintiffs, as aforesaid in said cause No. 8742.

"Plaintiffs further allege that they had no

knowledge or information that the said defendant, A. P. Conard, would testify to said false testimony given in said cause and that plaintiff had no opportunity to prove said testimony was false in the former trial of said cause.

In the case of Thigpen v. Deutsch, 66 Okla. 19, 166 Pac. 901, this court has announced the rule in this jurisdiction contrary to the contention of plaintiffs. The defense set up in the prior action No. 8742 put plaintiffs on notice of the contentions which the defendants would make upon the trial of said cause, and it is well settled in this jurisdiction that fraud which will vitiate a judgment must be fraud extraneous of the record and which would constitute an imposition upon the court or its process, and that fraud to vitiate a judgment can not be predicated upon the testimony adduced upon the trial of the cause.

"False evidence or perjury alone, relative to an issue tried, is not a sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the attacked judgment was rendered; it must be such fraud of the prevailing party as to prevent the other from having a trial of the issues."

The kind and character of fraud alleged in the reply of plaintiffs was therefore insufficient to raise any issue upon the defense pleaded in defendants' answer. This renders it unnecessary to consider the other assignments of error presented in the briefs as the record shows that the judgment in the ejectment action, No. 8742, was rendered between the same parties in reference to the same subject-matter, and upon the identical issues sought to be raised by plaintiffs' petition herein.

The judgment of the trial court sustaining the motion of defendants for judgment on the pleadings should be in all things affirmed.

By the Court: It is so ordered.