### GOFF v. GOFF et al.

No. 16615—Opinion Filed Nov. 9. 1926.

Rehearing Denied March 8. 1927.

1. **Executors and Administrators—Conclusiveness of Decree of Distribution not Appealed from.**
   A decree of distribution made by the county court in probate, having jurisdiction of the settlement of an estate, on a hearing as provided by sections 6463, 6464, and 6466 of Revised Laws 1910, distributing to the heirs at law their respective share of the estate of the decedent, is conclusive as to the rights of the parties named in the estate, unless reversed or modified on appeal, and the decree is not subject to collateral attack.

2. **Same—Surviving Husband of Indian Allottee Concluded by Decree.**
   Record examined; held, to be sufficient to support judgment in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action in ejectment by Wesley Goff against Ellis Clifford Goff, a minor, et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Geo. C. Beidleman, for plaintiff in error.

R. E. Simpson and A. L. Emery, for defendants in error.

Opinion by STEPHENSON, C. Misey Grayson, a duly enrolled Creek freedman, who had received her allotment, died on July 13, 1917, leaving Wesley Goff, husband, and Ellis Clifford Goff, minor son, as her heirs at law. Her husband, Wesley Goff, did not appear on the Creek rolls. The latter commenced his action in ejectment against Ellis Clifford Goff, a minor, for possession of an undivided one-half interest in the allotment of the decedent. Among the several defenses pleaded by Ellis Clifford Goff was one to the effect that the entire allotment was distributed to him in an administration proceeding of the estate of the decedent, in the way and manner provided by probate procedure; that Wesley Goff was an interested party in the proceeding, and that he did not appeal from the order of distribution.

The trial of the cause resulted in judgment against the plaintiff, who has appealed the cause here. He assigns as error for reversal that the judgment is contrary to law.

The petition for the appointment of the administrator named Wesley Goff as one of the heirs of Misey Grayson. A petition styled, "Petition for share of estate and motion for orders" was filed in the administration cause on behalf of the minor, setting forth that he inherited the fee simple title in and to the allotment of the decedent, and prayed that the entire allotment be de-

livered to him as the owner. The petition described the allotment. A date was fixed by the county court for a hearing on the petition. Notice of the hearing was served on Wesley Goff, who appeared by his attorney at the hearing had on June 17, 1918.

The order of the county court on the petition distributed the entire allotment, along with other personal property of the estate, to the minor son. Wesley Goff did not appeal from the order. It is likely that Wesley Goff concluded that he inherited no interest in his wife's allotment, under the rule applied in Thompson v. Cornelius, 53 Okla. 85, 155 Pac. 602, decided in February, 1916. However, this court decided on April 5, 1921, in the case of Pigeon v. Stevens et al., 81 Okla. 180, 198 Pac. 309, that the Enabling Act and the Constitution of Oklahoma, on the admission of the state into the Union, had the effect of rendering the proviso of section 6 of the Supplemental Creek Agreement of June 30, 1902, inoperative. As Robert Pigeon died after statehood, the court decided that the descent of his allotment was cast according to the Oklahoma statutes of descent and distribution. Upon the authority of decision in the Pigeon Case, Wesley Goff inherited an undivided one-half interest in the allotment of his deceased wife. It may be that Wesley Goff was led to abide by the order of distribution on account of the case of Thompson v. Cornelius, supra, but this fact does not get away from the binding effect of the order distributing the entire allotment to the minor son as his property.

A situation similar to that of the plaintiff in error in this case was presented to this court in the case of Teague et al. v. Smith et al., 85 Okla. 12, 204 Pac. 439. In the Teague Case the allottee died after statehood, and the land was distributed to Lizzie Teague and Lillie Smith, who appeared on the Creek rolls, to the exclusion of noncitizen heirs. The court held in the Teague Case that the decree of distribution was binding on all interested parties, unless appealed from.

Plaintiff in error undertakes to avoid the effect of the decree distributing the allotment to the minor son, on the ground that the allotment was occupied by him as a homestead at the time of the death of his wife. Section 1224, C. O. S. 1921, provides that upon the death of either wife or husband, the survivor may continue to possess and occupy the whole homestead. This was a right which the plaintiff in error could assert or waive: the effect of the waiver on the rights of the minor son is not a question be-

fore us. The fact that the plaintiff in error treated the son as inheriting the fee-simple title did not affect the homestead right of the former, as provided for by section 1224, supra. Nor would plaintiff in error's right have been different if the minor son had inherited the fee-simple title. The probate proceedings do not disclose that the allotment was impressed with the status of a homestead at the time the administration proceedings were instituted. The plaintiff in error was represented at the hearing on the petition for distributing the property. Whether the property was impressed with the status of a homestead was a question involved in the hearing for distribution. No one was in a better position than the plaintiff in error to determine the matter of waiving, or asserting, his right to the homestead. If this property was then impressed with the status of homestead, and the husband desired to assert the right, he should have raised the question at the hearing, and if ruled against, appealed the cause. The rule adopted by this court in relation to matters concluded by judgment is, that a judgment concludes all matters presented within the issue, in the trial of the cause, and those matters which might have been presented in support of any defense or claim. Board of County Com'rs of Kay County v. State of Kansas, 19 Okla. 375, 91 Pac. 699; Okla. Moline Plow Co. v. Smith, 81 Okla. 16, 196 Pac. 962; Brown v. Calvert, 57 Okla. 364, 157 Pac. 284; Johnson v. Gillett, 66 Okla. 308, 168 Pac. 1031; Bellamy v. Washita Valley Tel. Co., 25 Okla. 792, 108 Pac. 389.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 24 C. J. p. 528, §1400; p. 532, §1404. 11 R. C. L. p. 183, et seq.; 2 R. C. L. Supp. p. 1219. (2) 4 C. J. p. 1129, §3122.