## WARD v. COOK et al.

No. 20415. Opinion Filed Sept. 29, 1931.

R. E. Bowling and C. H. Bowie, for plaintiff in error.

Blanton, Osborn & Curtis, for defendants in error.

RILEY, J. This cause involves a homestead and an interest of a surviving wife in her deceased husband's estate as a forced heir at law.

Gena Ward, nee Cook, was the wife of William Nye Cook, who died March 12, 1917, and left surviving him the said wife and an infant son and his mother, Mary Cook. Deceased's estate consisted of 240 acres of land valued at $5,000. By will the deceased tentatively bequeathed to his wife $100, and tentatively bequeathed to his infant son 40 acres of land located in McClain county. All other residue of the estate, without restriction, was left by the

terms of the will to the deceased's mother, whom he appointed as executrix without bond.

The surviving wife successfully contested the will in county and district courts of McClain county on the ground of undue influence, but on appeal it was adjudged that the will should be admitted to probate. In re Cook's Estate, 71 Okla. 94, 175 P. 507. Letters of administration were issued to Mary Cook, and on February 19, 1927, an order of distribution was entered in accord with the provisions of the will, wherein it was adjudged that deceased's sole and only heirs were his wife, Mrs. Gena Cook, and his son, William Paul Cook, and wherein it was found that Gena Cook had contested the execution of the will, and that, under the terms and restrictions contained in the will, the said surviving wife and infant son should take nothing, but that said Mary Cook was the only devisee, and that she was entitled to all of said estate, both real and personal.

On July 18, 1927, Gena Ward instituted the instant action in the district court of McClain county to recover an interest in the estate by reason of her relationship and to establish and recover possession of a homestead consisting of 160 acres of the land involved. The trial court sustained objections to the introduction of evidence relative to the interest of plaintiff in the land, but submitted the cause to a jury as to the issue concerning the homestead. The jury returned a verdict in favor of plaintiff as to the homestead, and judgment was rendered accordingly. Both plaintiff and defendants have perfected their appeals. The plaintiff below, Gena Ward, seeks to sustain the judgment setting aside the homestead to her and to reverse the judgment against her concerning her alleged interest in the estate as a forced heir at law. The defendants seek to sustain the judgment denying recovery of the wife's interest in the estate as a forced heir at law, and to reverse that part of the judgment setting aside the homestead to the surviving spouse. The theory of defendants is that the action of plaintiff constitutes a collateral attack upon the decree of distribution entered in the probate proceedings of the said county court, both as to an interest in the estate as a forced heir at law and as to the homestead interest. Whereas, the surviving wife contends that the will of deceased was void as to her; that the decree of distribution based thereon is void and that she is entitled to assert her right and interest in a court of equity.

Section 11224, C. O. S. 1921, as amended by S. L. 1925, p. 30, provides in part:

"* * * But no spouse shall bequeath away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law. * * *"

Prior to the amendment and at the time the interest in these lands vested in the surviving heirs of deceased by reason of the death of the testator, the statute read:

"No man while married shall bequeath more than two-thirds of his property away from his wife, nor shall any woman while married bequeath more than two-thirds of her property away from her husband."

In consideration of this statute, this court, in York v. Trigg, 87 Okla. 214, 209 P. 417, said:

"It is admitted that the will of Jerome B. York, under section 8341, R. L. 1910, is void as to the wife of Jerome B. York, the plaintiff in this action. * * * In this situation it is obvious that the wife has a right to elect to take under the will or share as an heir, one-third of all the estate with which the deceased was seized on the date of his death."

See, also, paragraph 6 of the syllabus in that case.

The former decision concerning the will of William Nye Cook decided nothing but the factum of the will. It was said in that decision: "The right to make a will includes the right to make it according to the testator's own desires, **subject only to the statutory restrictions.**" The case at bar concerns those restrictions.

See In re Allen's Will, 44 Okla. 392, 144 P. 1055.

In Brock v. Keifer, 59 Okla. 5, 157 P. 88, this court held:

"In a proceeding to probate a will, the court cannot construe or interpret the will or distinguish between valid and void dispositions. If the will be legally executed and proved, and not successfully attacked for want of testamentary capacity, undue influence, fraud or duress, it must be admitted to probate."

The question before us in the case at bar may be stated as follows: Does the decree of distribution issued out of the county court sitting in probate, in contravention of statute, awarding more than two-thirds of the estate in question to a person other than the surviving wife, bar that wife's recovery of such statutory interest in a court of equity where such proceedings of a county court are made the subject of attack and

the facts appear upon the face of the record attacked? We decide the query in the negative. Our reason being that on the face of the record of the proceedings in the county court pleaded in the case at bar, it appears that the will of the deceased is invalid as to the surviving wife. By the decree of distribution, it was ordered that the wife take nothing, consequently it could not be said that the wife had any election to take under the will. To the contrary, by her continual objection and action, she forever maintained her right as a forced heir at law.

Defendants below maintain that the instant action is a collateral attack upon the decree of distribution issued out of the county court. There has been much confusion as to what constitutes a direct or collateral attack. We can find no good purpose in the case at bar for determining whether this action constitutes a collateral or direct attack, but conceding, without deciding, that it is a collateral attack, we hold that it may be maintained, for it is our view that the proceedings of the county court sitting in probate are void upon the face of the record; so being, they are subject to attack of every nature.

In Esch v. Calloway, 123 Okla. 58, 251 P. 1028, this court said:

"A collateral attack on a decree of distribution made by a county court having jurisdiction of the estate being administered, can prevail only where the proceedings are void upon the face of the record, in the absence of fraud."

It is apparent, in viewing the proceedings of the county court, that the surviving wife therein designated was a forced heir at law, and it is obvious that the will was invalid as to her share of an interest in the estate there being administered. In re Whitson's Estate, 88 Okla. 197, 212 P. 752.

The resulting question is as to what interest this surviving spouse takes. Under the law of descent and distribution, section 11301, C. O. S. 1921, if applicable, this spouse would take one-half of the estate. If the will statute, section 11224, supra, governs, she is entitled to one-third of the estate.

This court, in York v. Trigg, 87 Okla. 214, 209 P. 417 (by obiter dictum), took the view that, when under a will more than two-thirds of testator's property was bequeathed away from a surviving wife, the will was invalid as to the wife and she had the right to "receive her distributive share of such deceased testator's property with which he died seized, as an heir at law."

Again, in Re Whitson's Estate, 88 Okla. 197, 212 P. 752, this court held:

"If a married man disposes of his estate by will, and the will violates the statute with regard to his surviving spouse, she may elect to take under the will or under the statute of descent and distribution."

Diametrically opposed to the last two cited cases are Hill v. Buckholts, 75 Okla. 196, 183 P. 42, and McLaughlin v. Yingling, 90 Okla. 159, 213 P. 552, wherein this court held:

"Under section 8341, R. L. 1910, husband and wife while married each becomes the forced heir of the other to the extent of one-third of the property owned by each, respectively, which interest cannot be bequeathed by the owner from said heir."

Again, in Scott v. Scott, 131 Okla. 144, 268 P. 245, this court held that:

"Under section 11224, C. O. S. 1921, the husband and wife, while married, each become the forced heir of the other to the extent of one-third of the property owned by the other, which interest cannot be bequeathed by the owner from such heir."

It will be observed that by the first phrases and sentences of section 11224, supra, a grant of power is extended to make disposition by will of every interest in real or personal property to which heirs, husband, widow, or next of kin might succeed. The restriction is contained in the proviso, and, amongst other things, as heretofore stated, prohibits a bequest of more than two-thirds of an estate from a spouse.

Section 11221, C. O. S. 1921, is a grant of power, privilege, and right to "every person over the age of 18 years, of sound mind," by last will to dispose of his estate, real and personal.

So, in the final analysis, William Nye Cook did dispose of his estate by will. He attempted to dispose of the entire estate, to the practical exclusion of his surviving wife. That he could not do. In so far as the will sought to divest the wife of a one-third interest in the estate, it was a nullity. The surviving wife was a forced heir at law to the extent of a one-third interest in the estate of her deceased husband by reason of section 11224, supra.

The surviving wife did not take by succession, under the law of descent and distribution, section 11301, et seq., for the reason, amongst others, that such statutes were not applicable. They would apply as stated therein only "when any person * * * dies without disposing of the estate by will."

Herein the person having title to the estate died after having disposed of the estate by will.

In so far as the will contravened the statute, section 11224, supra, there was no disposition as to the surviving spouse, and she became a forced heir at law to the extent of one-third of the estate of deceased by reason of the beneficent provisions of the proviso of what may be called the will statute in contradistinction to the statute of descent and distribution.

The decree of distribution recites that William Nye Cook "left surviving him as his sole and only heirs, his wife, Mrs. Gena Cook, and his son, William Paul Cook." That order recites that Gena Cook contested the will, and "that under the terms of the last will and testament of the said William Nye Cook, deceased, the said Mary Cook is the sole and only devisee of all the estate of said deceased, and the court orders and decrees that distribution of said estate be made of all said property, real and personal, to said Mary Cook." In other words, the court in probate followed the terms of the unusual will which provided that in the event the wife contested the will, not only was she to be denied the $100 tentatively bequeathed her, but also that the infant son should not receive the 40 acres of land provided for him, but that the entire estate should go to the mother. That provision of the will, harsh in its terms, sought to visit fancied and prospective sins of the mother upon the infant son, and forcibly points out the wisdom of the provision of the statute, section 11224, supra, restricting the right of one spouse to bequeath away from the other more than a limited value of the entire estate. We conclude that not only is the will invalid as to the existing right and interest of the surviving wife, but likewise the decree in distribution is also invalid to the extent of her share of the estate.

"A void judgment or order of the trial court may be collaterally attacked." Yawitz v. Hopkins, 70 Okla. 158, 174 P. 257.

"Where the record in the case affirmatively discloses that the court was without power to make the order or decree it assumed to make, such order is void, subject to collateral attack for want of jurisdiction in the court to make the same." Winona Oil Co. v. Barnes, 83 Okla. 248, 200 P. 981; Jackson v. Carroll, 86 Okla. 230, 207 P. 735.

The remaining portion of the judgment relates to the homestead right of the surviving wife. It is again urged that the decree of distribution is conclusive under the doctrine of res judicata in the matter of homestead interest by these proceedings sought to be determined.

The trial court evidently took the view that, inasmuch as no issue was raised in the county court sitting in probate as to the homestead, that matter might now be properly determined, but it was contended by defendants that the decree of distribution concluded not only the issues raised, but as well "those matters which might have been submitted in support of any defense or claim." That the homestead right was such an issue and that that interest is now concluded by failure to assert it. Goff v. Goff, 124 Okla. 63, 253 P. 1014; Stoner v. Hyde, 82 Okla. 5, 198 P. 328.

We have held that the decree of distribution is void upon its face. We cannot conceive the efficacy of a void order or judgment to conclude anything. Moreover, in Pennington v. Woodner-McGaugh, 54 Okla. 110, 153 P. 875, this court held:

"A decree of distribution, made in the winding up of an estate, is conclusive as to the matters properly before the county court and involved in such hearing; that is, the determination of who the legatees, devisees, and heirs to the estate are and their respective interests therein, **but is not conclusive as to the right to the possession of real estate belonging to such estate, and does not preclude the surviving spouse of the decedent from asserting the right to possess and occupy the homestead."**

Therein this court said as to the contention of an election and conclusiveness of the probate proceedings as to a widow's interest and homestead right in her deceased husband's estate:

"The fallacy of this argument was in the fact that under our law no election is required of the widow."

And:

"Her rights in the estate of her husband are absolutely fixed by law and she is entitled not only to take her share of the estate as an heir, but in addition thereto is entitled to possess and occupy the homestead of her deceased husband during her life or until such time as she actually abandons it or the same is disposed of according to law."

See, also, Pioneer Mortgage Co. v. Carter, 84 Okla. 85, 202 P. 513, wherein it was held that where the probate record does not affirmatively show an adjudication that the land was not the homestead, those entitled to assert that interest may prove the homestead in an action in the district court and thus avoid a null order of the probate court alienating the land as an asset of the estate.

We adhere to the doctrine stated in the last above-quoted case.

We have reviewed the evidence and find it ample to support the view taken by the jury and trial court that the land described as lots 1 and 2, and the south half of the northwest quarter of section 1, township 5 N., range 3 east, McClain county, Okla., was impressed with the homestead character by deceased and his surviving wife, and that Gena Ward, nee Cook, never abandoned her right thereto, nor do we find any act on her part by which she should be estopped to assert her homestead right therein.

It is set forth that defendant in error John L. Abernathy purported to acquire certain mineral rights from Mary Cook to the lands in controversy, and it is asserted that he is an innocent purchaser for value without notice. The trial court denied his claim, and, as we view it, his acquisition was in view of the record.

There is in evidence a warranty deed executed by Gena Cook to certain attorneys who represented her on the first fruitless lawsuit heretofore cited, purporting to convey a one-fourth interest in the lands here in controversy. Likewise, there is a quitclaim deed purporting to convey that interest from said attorneys to defendant Mary Cook. Also, there is in evidence a contract between Gena Cook and her said attorney wherein it is shown that the only interest in said lands to be conveyed to said attorneys was contingent upon the success of that lawsuit. It was specifically provided therein that said attorneys were to receive nothing unless they succeeded in recovering this property of this estate for Gena Cook. They recovered nothing. The consideration of the warranty deed, therefore, failed. There was no interest conveyed to Mary Cook by the quitclaim deed.

We hold that the trial court was without error as to the homestead interest of the surviving wife. That part of the judgment is affirmed. We hold that plaintiff in error is entitled, on the face of the record of the proceedings of the county court sitting in probate and the record herein presented, to be adjudicated the owner in fee-simple title to an undivided one-third interest in and to the lands involved in this action.

Judgment is accordingly rendered.

LESTER, C. J., and HEFNER, SWINDALL and KORNEGAY, JJ., concur. CLARK, V. C. J., and McNEILL, J., concur in conclusion. ANDREWS, J., absent.

CLARK, V. C. J. (concurring). I concur in the conclusion reached that the surviving wife would take one-third of the husband's estate, notwithstanding the will. I do not agree that the wife would not take succession under the laws of descent and distribution, section 11301, C. O. S. 1921. If the surviving wife did not take under section 11301, then she would take no part of the estate.

Section 11302, C. O. S. 1921, abolished dower and courtesy, and unless the wife takes under section 11301 she could take no part of her husband's estate. The laws of succession apply only to that part of the estate not disposed of by marriage contract or by will.

The right to make a will is granted to every person over 18 years of age of sound mind, section 11221, C. O. S. 1921.

Section 11224, C. O. S. 1921, is a limitation on this right and is not a law of descent and distribution and should not be so construed. Section 11224, C. O. S. 1921, is as follows:

"Every estate and interest in real or personal property to which heirs, husband, widow, or next of kin might succeed, may be disposed of by will: Provided, that no marriage contract in writing has been entered into between the parties; no man while married shall bequeath more than two-thirds of his property away from his wife, nor shall any woman while married bequeath more than two-thirds of her property away from her husband. * * *"

This section was in force at the time the descent in this case was cast. It does not grant the husband or wife any part of the estate of the other.

This section of the statutes deals only with that part of the estate to which husband or widow might succeed, and the limitation only applies to that part of the estate to which the widow might succeed; it in no way changes the law of descent and distribution, but is only a limitation on the husband, prohibiting him from willing away from his wife more than two-thirds of his property.

If there is no will, the wife would take under the laws of descent and distribution; if there is a will she would take under the laws of descent and distribution that part of the estate that the husband did not or could not will away from her.

Under section 11224 there was one-third of his estate that he could not will away from her. Her right to the estate is granted

by section 11301, supra, and that right being subject to his right to make a will, section 11224 is a limitation on his right to dispose of his property by will.