### In re PORTER'S ESTATE.
### PORTER et al. v. GEORGE et al.

No. 28370.    Oct. 11, 1938.

C. B. Leedy, for plaintiffs in error.

L. H. Clark, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Ellis county which affirmed certain orders and rulings made by the county court of said county in a probate matter. The parties appellants and appellees are heirs at law of one Maud Porter, who died intestate leaving an estate which consisted almost exclusively of real property. The proceedings which gave rise to the present controversy are not in dispute and will be briefly stated. On April 20, 1936, O. E. Null was duly appointed and qualified as administrator of the estate of said decedent. On July 19, 1937, the appellants and their privies filed a petition seeking a determination of the heirs of said estate, and on August 16, 1937, the administrator filed a general inventory and appraisement of the estate, and thereafter on August 25, 1937, said administrator filed his final report and account and petition for distribution of the estate to the persons entitled thereto as heirs at law. On the same day that the report was filed, the county court made an order fixing a date for the hearing and settlement of the account of the administrator, and notice of hearing and settlement of said account was given and published for two consecutive weeks, but no reference was made either in the order or in the notice to the effect that distribution of the estate would be made. After several continuances the county court, on September 29, 1937, heard and approved the final account of the administrator, and on the same day entered a decree of distribution which undertook to distribute the entire estate to the parties (appellants and appellees), and which decree was approved by the attorneys for the respective parties. Thereafter, on September 30, 1937, the county court made an order discharging the administrator and exonerating him and his bondsmen from any further liability. On the following day, to wit, October 1, 1937, the appellants filed in said cause a petition wherein they sought a partition of the estate between the respective parties in accordance with their interest as set forth and described in the decree of distribution which had theretofore been made by the county court. The appellees moved to strike this petition upon the ground of plene administravit. The appellants thereupon moved for a vacation of the order which had discharged the administrator, and also challenged the validity of the decree of distribution. All of these matters came on for hearing at the same time and the county court sustained the motion of the appellees to strike the petition for partition and denied the motion of the appellants to vacate the prior order discharging the administrator and the decree of distribution which had previously been entered. Appeal was thereupon perfected to the district court and the matter

there tried upon the record which had been made in the county court. The judgment of the district court sustained the orders and rulings of the county court in every respect, and thereupon the appellants brought the cause to this court.

The contentions of the appellants may be summarized as follows: First, that the decree of distribution, being made without the notice required by statute, was null and void and should have been vacated; and, second, that it was error to deny their petition for a partition of the estate. We will consider these respective contentions in their order.

As has heretofore been pointed out in the case of Hartford Accident & Indemnity Co. v. Goldberg, 178 Okla. 75, 61 P.2d 704:

"A decree of distribution, made by the county court in probate, having jurisdiction of the settlement of an estate on a hearing pursuant to statutory notice distributing to the heirs at law their respective shares of the estate of the deceased is conclusive as to the rights of the parties interested in the estate, unless reversed or modified on appeal, and such a decree is not subject to collateral attack. Teague v. Smith, 85 Okla. 12, 204 P. 439; Goff v. Goff, 124 Okla. 63, 253 P. 1014; Hogan v. Superior Court of Okmulgee County, 122 Okla. 295, 254 P. 966; National Exploration Co. v. Robins, 140 Okla. 260, 283 P. 236; Okfuskey v. Corbin, 170 Okla. 449, 40 P.2d 1064."

See, also, in this connection the case of Hetherington v. Foster, 173 Okla. 440, 49 P.2d 760; Hetherington v. Falk, 173 Okla. 437, 49 P.2d 756.

When, however, the record affirmatively shows that a decree of distribution was not made pursuant to the notice required by statute, a different situation is presented and a different rule prevails for the reason that the notice provided by statute goes to the jurisdiction of the court to make the order. As stated in the case of Gassin v. McJunkin, 173 Okla. 210, 48 P.2d 320:

"Jurisdiction to enter a valid decree of distribution in probate depends upon the giving of notice of hearing therefor prescribed by statute."

The statutory provision is contained in section 1345, O. S. 1931, which provides in part as follows:

"Every account for the final settlement and distribution of an estate shall stand for hearing at a date to be fixed by the county judge, not less than 20 days after the filing thereof; and notice of such hearing shall be given by publication for two successive weeks in some newspaper of general circulation published in the county, showing the name of the decedent and of the executor or administrator, the date of the hearing, and that such account is for final settlement and distribution."

Notice of hearing and settlement of an administrator's final account does not suffice to authorize the making of a decree of distribution of an estate. See Crawford v. LeFevre, 177 Okla. 508, 61 P.2d 196; Miller v. Shelton, 115 Okla. 35, 241 P. 132. As previously pointed out, the notice which was given in the case at bar omitted to make any mention of distribution of the estate. Under these circumstances, the decree of distribution which was made was void and not voidable, and therefore was vulnerable at any time and in any manner. Ward v. Cook, 152 Okla. 234, 3 P.2d 728; In re Sims' Estate, 162 Okla. 35, 18 P.2d 1077; Sims v. Billings, 162 Okla. 51, 18 P.2d 1084. In view of what has been said above and the authorities cited, it is apparent that the county court in the first instance and the district court on appeal was in error in refusing to vacate the decree of distribution when its invalidity was made to appear, and in refusing to direct proper proceedings for the entry of a valid decree. While the county courts of this state have authority to direct partition of estates over which they have jurisdiction as an incident to their probate powers (see Constitution, art. 7, sec. 13; Oil Well Supply Co. v. Cremin, 143 Okla. 57, 287 P. 414, 68 A. L. R. 1471), nevertheless the procedure to be followed is that provided in sections 1363-1373, inclusive, O. S. 1931; and while under the provisions of section 1361, O. S. 1931, it is expressly provided that the decree of distribution shall not divest the court of jurisdiction to order partition unless the estate has been fully closed, nevertheless, in the absence of a valid decree of distribution, a partition may not be ordered. Section 1364, O. S. 1931. In the case at bar there was no valid decree of distribution, and therefore the application for an order of partition was properly denied, but not for the reasons assigned by the county court. Under the record presented, the district court should have reversed and modified the order of the county court by directing that the void decree of distribution be vacated and proper steps taken to procure the entry of a valid decree, and that thereupon the petition for partition be disposed of in the manner provided by statute. On account of the error hereinabove pointed out, the cause will be reversed and remanded, with directions to take and allow such further proceedings as may be necessary and proper, consistent with the views herein expressed.

Reversed and remanded, with directions.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and DAVISON, JJ., concur.