## TAYLOR BROS. CHURN & MFG. CO. v. ELLISON.

No. 11291—Opinion Filed July 3. 1923.

### Bills and Notes—Action on Notes — Defense —Oral Agreement.

In an action on promissory notes, defendant answered that the consideration was the right to sell a patented churn manufactured by plaintiff, and that it was understood between the parties that if the defendant did not sell 50 churns before the last note became due, the notes would be surrendered and no collection made thereon. The court permitted the defendant, over the objection of the plaintiff, to testify that it was agreed between the parties that if the defendant did not sell as many as four churns a month, the defendant would not be required to pay the notes, and instructed the jury as follows: "That if you find from the testimony in this case that the defendant could not, by reasonable diligence and effort, sell four churns per month, then you will return a verdict for the defendant." Held, reversible error.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Taylor Brothers Churn & Manufacturing Company against W. R. Ellison.

Judgment for defendant, and plaintiff brings error. Reversed.

O. W. Patchell, for plaintiff in error.

Y. E. Taylor, for defendant in error.

Opinion by RAY, C. This is an action upon a number of promissory notes given by the defendant to plaintiff for the exclusive right to sell a patented churn manufactured by the plaintiff, and to be applied upon the price paid for the churns to the extent of $1 each upon the wholesale price of all churns required in the territory assigned.

The defendant answered, admitting the execution of the notes, but alleged that it was understood between the parties:

"* * * That if the defendant did not sell 50 churns before the last note became due in the territory assigned to him under said contract, that the notes would be surrendered to him and no collection would be made thereon;

"That the consideration for the execution of said notes was the right to sell a patented churn manufactured by the plaintiff herein in Grady, Caddo, and Pittsburg counties in the state of Oklahoma; that defendant did not sell the number of churns as agreed upon at the time of the making of the contract and the execution of the notes, and that said notes are therefore uncollectable by the plaintiff herein."

The plaintiff, in its reply, denied the oral agreement alleged by the defendant, and said that all the agreements had in connection with the transaction were in writing, and attached copies of the written agreements. The court permitted the defendant to testify, over the objections of the plaintiff, that it was orally agreed between the parties that if the defendant did not sell as many as four churns a month the defendant would not be required to pay the notes. The plaintiff offered the deposition of the president and general manager of the plaintiff company, who made the contract with the defendant, in which he testified: "There was absolutely no understanding or agreement between us other than that embodied in the written contract." This answer, upon the objection of the defendant, was excluded. No reason for the objection was pointed out by the defendant and none assigned by the court for the exclusion of this answer. The court gave this instruction to the jury:

"You are instructed that if you find from the testimony in this case that the defendant could not, by reasonable diligence and effort, sell four churns per month, then you will return a verdict for the defendant."

These rulings and instructions of the court were so palpably erroneous that, in view of the fact that no brief has been filed by the defendant, although served with a copy of the plaintiff in error's brief on the 10th day of March of this year, we will not search for authorities to sustain the views here expressed. Reversed.

By the Court: It is so ordered.