## HETHERINGTON et al. v. FALK.

No. 23530. Sept. 10, 1935.

Cox & Cox, for plaintiffs in error.

Wilcox & Swank, for defendant in error.

PER CURIAM. This is an appeal by transcript from a judgment sustaining defendant's demurrer to the p'aintiffs' petition and amendment thereto. Plaintiffs elected to stand on their petition as amended and judgment was entered dismissing the same. The parties will be referred to as in the trial court.

The petition was filed August 25, 1931, and in substance alleges that H. O. Hetherington, a resident of Lincoln county, Okla., died intestate September 17, 1925, and at the time of his death owned in his own right the fol'owing real estate in said county: N. E. ¼ of section 29, township 17 north, range 4 east; that deceased left as his only heirs, his widow, Rebecah C. Hetherington, and a brother and sister, the plaintiffs herein; that on October 29, 1925, Rebecah C. Hetherington, widow of said deceased, was appointed administratrix by the county court of Lincoln county, Okla.; that the administration of said estate was concluded and the administratrix discharged May 26, 1926; that in the final decree the heirs of said decedent were determined and found to be Rebecah C. Hetherington, his widow, Marshall Hetherington, his brother, and Lula Harding, his sister, and the estate was ordered distributed to them; that in one paragraph in said final decree, the judge of said county court inserted the following language:

"To the said Rebecah C. Hetherington the whole of the aforesaid community property, subject to the conditions imposed by law, and regulating the final disposition of any part thereof which may remain undisposed of upon the death of said widow."

The petition further alleged that said part of said final decree assigning real estate to Rebecah C. Hetherington is void and not binding upon the plaintiffs for the reason that "it is not based upon any pleadings, proof, notice or issue, is without the juris-

diction of the court and without basis of fact or law, and is without meaning."

That the defendant claims title to said land by virtue of a warranty deed from Rebecah C. Hetherington; that said deed is void as to the one-half interest of these plaintiffs, and is a cloud on their title; that the defendant is holding possession of said land adversely to the plaintiffs, and they pray judgment quieting their title to an undivided one-half interest and for an accounting for rents.

In the amendment to their petition the plaintiffs allege that they had no actual knowledge or notice of the administration proceedings in the county court, and that they made no appearance therein, and that they had no knowledge that the widow was claiming more than one-half of said land.

The entire record of the administration proceedings in the county court was attached to plaintiffs' petition and made a part thereof. The record of the county court discloses that the widow of the decedent made application for the appointment of herself as administratrix, and in the application described all the property of the decedent. Following the description of the property, the application says:

"Part of said property above described being community property of decedent and said widow."

The petition to settle the final account, to determine the heirs, and to distribute the property, sets out the names of the heirs, their ages, and post-office addresses, and the shares in the estate in the following manner:

| Names | Ages | Relation-ship | Residences |
|---|---|---|---|
| Rebecah C. Hetherington | 55 | widow | Agra, Oklahoma |

Shares

All of community property, half of other estate.

| Marshall Hetherington | 47 | brother | Cromwell, Okla. |
| Mrs. Lulu Harding | 49 | sister | Cushing, Okla. |

Shares

Each ¼ part of non-community estate

All of the real estate is then described, and immediately following the legal description of the land involved in this action and an 80-acre tract described as S. ½ of N. E. ¼, section 20, twp. 17 N., R. 4 E., are the words—"All the above described property is community property in Lincoln county, Okla."

The prayer of the petition is that the court shall determine who are the heirs of the said decedent, the rights of all persons in and to the estate, and to whom distribution and assignment thereof should be made; that the final account filed in said cause be examined and settled, and that the residue of the estate be distributed and assigned to the parties entitled thereto.

The final account shows a balance of cash on hand of $311.68, which is referred to in the account as "moneys belonging to said decedent and said administratrix, as their community property." In the decree settling the final account, the court decreed that "$311.68 is property acquired by the joint industry of the said H. O. Hetherington (now deceased) and by his said wife Rebecah C. Hetherington."

In the final decree of the county court all of the real estate of the decedent is described, and immediately following the legal description of the land involved in this action are the words:

"(The same being the homestead of the widow of said decedent); and the same being also community property of said widow."

Immediately following the legal description of the 80-acre tract heretofore referred to are these words: "(The same being also community property descending to said widow)."

In the final decree it is found that due notice of the hearing thereof has been given, the heirs are determined, and the estate assigned in the following language:

"That all and singular of the above-described real property be and the same is hereby assigned to and vested in the said Rebecah C. Hetherington, Marshall Hetherington, and Lulu Harding, as of the date of the death of the said decedent, H. O. Hetherington, forever, in the following proportions, to wit:

"To the said Rebecah C. Hetherington the whole of the aforesaid community property, subject to the conditions imposed by law, and regulating the final disposition of any part thereof which may remain undisposed of upon the death of said widow;

"To the said Rebecah C. Hetherington, Marshall Hetherington, and Lulu Harding the remainder of said realty in the proportion of one-half to Rebecah C. Hetherington, and one-fourth each to Marshall Hetherington and Lulu Harding."

The only assignment of error presented by this appeal is that the trial court committed error in sustaining defendant's demurrer to the plaintiffs' petition and rendering judgment dismissing the cause. The question, therefore, for this court to decide

is, Did the petition of the plaintiffs and the amendment thereto state a cause of action against this defendant?

Since the entire record of the county court in the administration of the estate of H. O. Hetherington, deceased, was made a part of the petition, we have carefully reviewed that record and have found no irregularity in any part of the proceedings. Indeed, the plaintiffs in error concede there was no irregularity. They admit that the county court had jurisdiction of the parties for the purpose of determining the heirs of the decedent and decreeing distribution of the residue of the estate. Their only contention is that the court did not have jurisdiction to insert in the final decree assigning real estate the following paragraph:

"To the said Rebecah C. Hetherington the whole of the aforesaid community property, subject to the conditions imposed by law and regulating the final distribution of any part thereof which remains undisposed of upon the death of said widow."

They urge that the above-quoted part of the final decree is void and not binding upon the plaintiffs for the reason that it was not based upon any **pleadings, proof, notice, or issue,** contending that in order for the court to have acquired jurisdiction to decree the entire interest in the real estate involved to the widow, the petition for distribution must have alleged that said real estate was acquired by the joint industry of the husband and wife during coverture. We have been unable to find any authority or provision of statute to support that contention. We hold that the filing of the final report and application for distribution, reciting that the debts and expense of the administration had been paid, that there was a residue of estate to be distributed, and praying the court to determine the heirs of the decedent and the rights of all persons in and to the estate and to whom distribution and assignment thereof should be made, was a sufficient pleading, and that after legal notice of the hearing thereof had been given, the court had jurisdiction of the property of the estate and of all persons interested therein, and that it was within the jurisdiction of the court to determine from the evidence the rights of all persons interested in the property of the estate and to decree distribution as the facts warranted. There is no record of the evidence presented to the court upon the hearing of said petition, but the county court in probate matters being a court of general jurisdiction, the presumption is that the court had before it sufficient evidence to support its judgment.

"All presumptions are in favor of the validity of judgments of courts of general jurisdiction." Thomason v. Thompson, 123 Okla. 218, 253 P. 99.

"The general rule of law is that, when a court of competent jurisdiction has rendered a judgment in relation to any subject-matter within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgments, and where facts were required to be proved to confer jurisdiction, that such facts were duly proved, although the record is silent upon the matter." Kehlier v. Smith, 112 Okla. 183, 240 P. 708.

In this connection we quote the ninth and tenth paragraphs of the syllabus in Bowling v. Merry, 91 Okla. 176, 217 P. 404:

"County courts of this state are courts of record and have original general jurisdiction in probate matters. The orders and judgments of such courts when acting within their jurisdiction are entitled to the same favorable presumption and the same immunity from collateral attack as are accorded courts of general jurisdiction.

"Unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it did."

The county court of Lincoln county having acquired jurisdiction of the parties and the subject-matter in this administration proceeding, we hold that it had judicial power to render the judgment awarding to Rebecah C. Hetherington the land in question.

Section 1359, O. S. 1931, provides:

"Rights to be Fixed by Decree. * * * In the order or decree the court must name the persons, the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor, or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside or modified on appeal."

In the case of National Exploration Co. et al. v. Robins, 140 Okla. 260, 283 P. 236, this court said:

"It is quite generally held that proceedings of this nature are proceedings in rem, and that notice given as provided by statute is notice to the world, and brings before the court all parties having or claiming an in-

terest in the estate, and that a decree rendered on such notice, unappealed from, is binding and conclusive against all parties claiming an interest in such estate, subject, however, to be impeached for fraud and set aside in a proper tribunal to the same extent and in like manner as other judgments."

The last-mentioned case quoted with approval the rule announced in Monk v. Morgan (Cal. App.) 92 P. 1042, as follows:

"The proceeding for the probate of an estate being in the nature of a proceeding in rem, the giving of a notice as directed by the statute calls the entire world before the court, which thereby gains jurisdiction over the estate and over all persons for the purpose of determining the rights to any portion of the estate, and any person who may assert any right or interest therein is required to present his claim, and the court's determination is conclusive upon him whether he appears or not."

Only one other contention of the plaintiffs need be noticed. They claim that the term "aforesaid community property," used by the county court in the decree awarding the land in question to Rebecah C. Hetherington is meaningless, and is without legal effect. We do not think the words "community property," as employed by the administratrix in her final report and application for distribution, and by the court in its final decree, have any particular significance other than as descriptive of the property claimed by and awarded to the widow.

The two tracts of land in question were definitely identified throughout the administration proceedings by the words "community property." It definitely appears that the county court in the final decree awarded these two tracts of land to the widow under the proviso of the second paragraph of section 1617, O. S. 1931, which reads as follows:

"Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor."

After careful examination of the entire record of the county court attached to the plaintiffs' petition, it is our opinion that the judgment of the county court awarding the land in question to Rebecah C. Hetherington is valid and effective, and since the plaintiffs' petition contains no allegation of fraud or collusion, said judgment is not subject to collateral attack. We therefore hold the petition of the plaintiffs does not state a cause of action, and that the judgment of the trial court should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys B. A. Lewis, Glen H. Chapple, and J. Robt. Ray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Lewis and approved by Mr. Chapple and Mr. Ray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.