**BOYES' ESTATE v. BOYES et al.**

No. 28357.   Feb. 14, 1939.

Rehearing Denied March 14, 1939.

Cress, Tebbe & Cress, for plaintiffs in error.

W. M. Bowles, for defendants in error.

DAVISON, J.   This is an appeal from the judgment of the district court of Noble county approving and allowing the final report and account of Lucy A. Boyes, administratrix of the estate of Hiram L. Boyes, deceased, and making distribution of the estate of said deceased to those found to be his lawful heirs. Pearl Selman and other relatives of the deceased have appealed.

The record shows that Hiram L. Boyes died intestate on February 21, 1934; that deceased left, as his legal heirs, a wife, Lucy A. Boyes, the administratrix herein; a sister, Ethelind B. Truman, and a number of nieces and nephews.

In April, 1936, the administratrix filed her final report and account asking that same be approved and that distribution be made of the property, and that she be discharged. On July 15, 1936, the county court rendered its decree approving the report and making final settlement and distribution of the estate. An appeal was taken therefrom

to the district court, and from the judgment there rendered, this appeal was taken.

The record shows that the deceased owned certain property, both real and personal, at the time of the marriage to the surviving widow.

The plaintiffs in error claim that the residue of the estate was not acquired during coverture by the joint industry of the deceased and his wife, Lucy A. Boyes, but that it was either acquired by him prior to his marriage or represented reinvestment of funds and property belonging to deceased prior to said marriage, and that there being no issue of the marriage or of the deceased, one-half of the entire remainder of the estate was inherited by tne widow, Lucy A. Boyes, and the other half by the collateral heirs mentioned.

The defendant in error, Lucy A. Boyes, contends that all of the residue of the estate was acquired during coverture by the joint industry of Hiram L. Boyes and herself as husband and wife, except certain real estate shown by the deeds of record to have been acquired prior to said marriage on January 10, 1900, and that she should have all of the residue of said property and estate except such as was acquired by deceased prior to such marriage, which should be distributed one-half to her and the other half to the other heirs. The judgment appealed from and herein considered sustained the contention of the defendant in error, Lucy A. Boyes, in accordance with the provisions of section 1617, O. S. 1931 (84 Okla. St. Ann. sec. 213), and the second subdivision thereof, which provides in part:

"* * * Provided, that in all cases where the property is acquired by joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death if any of said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

There seems to be no argument as to how property falling into the two classes should descend, but the contention arises over the classification of the property, whether it was acquired before marriage or by the joint industry of husband and wife during coverture and proof necessary in ascertaining the property classification.

It is first contended that "the decision of an appellate court, even though intermediate, upon a prior appeal became the law of the case, and must be followed on successive appeals."

As a fundamental proposition of law, the statement would seem to be correct, but we see no application to the question here under consideration.

It is contended that prior to the time the administratrix made the final report to the county court that was approved by that court, she had made one final report at which time the county court held that the estate was not ready for settlement and distribution, and the administratrix had appealed from that order to the district court, wherein the county court's order was sustained, and in so doing the district court made findings that were binding upon the latter court on the hearing in the last appeal from the county court.

We find from the record, and from the journal entry of judgment from which this appeal was brought, that upon the hearing of the cause in the district court the appellants contended that the question of inheritance was adjudicated when the court found in its former hearing that the cause was not ready for final settlement. We find in the judgment here appealed from the following:

"There is nothing in the judgment of this court entered on December 20, 1934, on the former appeal, which shows that the court found or adjudged anything except that the case was not ready for final settlement and distribution, and no doubt for the sole reason that numerous notes and debts had not been collected. The record of the judgment shows that nothing else was ever attempted to be adjudicated. The court therefore concludes that there is no merit in this contention of the appellants."

The judgment rendered by the court itself is the best evidence of what questions the court considered and adjudicated. Furthermore, the hearing on appeal in the district court was a hearing de novo, and the district court had only power to render such judgment or make such orders as the county court should have made, since the district court's jurisdiction was appellate only. Wise v. Cutchall, 171 Okla. 60, 41 P.2d 864. We must, therefore, conclude that this contention is entirely without merit.

It is next contended that, "the mere proof of the date of the acquirement of a particular piece of property during coverture, alone, is not such proof as to entitle such property to be distributed under the proviso of the second subdivision of section 1617, O. S. 1931, providing for the distribution of prop-

erty acquired by the joint industry of husband and wife during coverture."

If this contention be conceded as true, we see no application for the rule to the facts and contentions presented in the matter before the court.

This court has said that where real estate owned by the deceased at the time of the marriage of the spouse who survived him, which was thereafter sold before the time of his death, and a part of the proceeds was reinvested in other real property, and partly loaned out and partly deposited in the bank, said property is not "acquired during coverture" with the spouse. Reynolds v. Phipps et al., 89 Okla. 21, 213 P. 855. In the case of In re Pierce's Estate, Tarman, Ex'x, et al. v. Pierce, 161 Okla. 94, 17 P.2d 411, this court held:

"Where a widower owns real estate, leased for gas with production thereon, and he thereafter marries, the income received from the gas produced on said land after his second marriage is not property acquired during coverture with said spouse, because said property was in existence prior to said second marriage, and the second wife in no way aided in procuring said money."

And said:

"The receipts from said gas wells were invested by Absalom F. Pierce, deceased, in building and loan stock, real estate, and loans made to certain individuals, but all of said money retained its identity so that it could be determined that it was the proceeds from said gas wells."

There is insufficient proof in this case to indicate that the particular money or property in controversy and owned by Hiram L. Boyes, deceased, prior to his marriage to Lucy A. Boyes, ever was invested in property acquired after his marriage. It is shown that all property decreed by the court to descend under the law of descent and distribution to Lucy A. Boyes, widow, was accumulated and acquired between the dates of January 10, 1900, the date of the marriage, and February 1, 1934, prior to the death of Hiram L. Boyes on February 21, 1934. When it is shown by dates of deeds and promissory notes and mortgages that such property was acquired after the marriage and prior to the death of deceased, and no evidence to the contrary is introduced as to the source from which the funds came, there is sufficient proof to sustain the court's finding that such property was acquired by the joint industry of the husband and wife during coverture. If it is contended otherwise, the burden of proof is upon the party claiming that the money that went into the

purchase of real estate or that was loaned on promissory notes and mortgages was acquired prior to such marriage.

It is next contended that "the burden of proof is upon the persons who claim under the proviso of a statute and not upon the persons who claim under the general provisions of the same statute."

None of the many pages of authorities cited in support of that contention support the same as a general proposition, and none of them make any reference whatever to proceedings in the administration of estates and the distribution thereof. The administration of an estate of a deceased is not an action at law nor in equity, but a probate proceeding. The duty devolves upon the county judge, acting within his probate power as such, to determine the heirs and their respective rights of inheritance, and to distribute the estate in accordance with the provisions of the will of the decedent or of the statutes of descent and distribution. No pleading setting forth a claim to any interest in the property is required (Hetherington v. Falk, 173 Okla. 437, 49 P.2d 756), but if such be filed, it in no way fixes the burden of proof upon such claimant. The contention that the burden of proof is upon the persons who claim under the proviso of the statute, when applied to probate procedure and descent and distribution, is without foundation and merit.

It is further contended that "opinion evidence in relation to the pecuniary condition of a person is admissible and competent."

Several pages of opinions from other states are cited as authority for that contention. There is no discussion in the brief of the plaintiffs in error as to any error of the trial court upon which that contention is based. The record shows that opinion evidence of various witnesses was allowed by the court in order that the court might reach the proper conclusion as to whether or not certain property was or was not acquired during coverture. We must conclude that the error complained of was not in refusing to hear opinion evidence, but that the court did not give the same proper consideration, which objection is raised in the last contention presented, "that the judgment of the court is contrary to the evidence and the law."

The record consists of over 1,100 pages. The trial court, after hearing the evidence, concluded that the residue of the property of the estate of Hiram L. Boyes, deceased, consisted of property that was not acquired during coverture by the joint industry of

husband and wife, and also property that was acquired during coverture by the joint industry of both. The latter class of property was awarded to the widow, Lucy A. Boyes. The former was decreed to be property in which the widow inherits a one-half undivided interest, and the other one-half was decreed to descend to the other heirs of Hiram L. Boyes, deceased. The findings and conclusions of the court are supported by testimony of witnesses as well as record evidence, including the dates of the various deeds, notes and mortgages, stock and bonds representing the property.

The plaintiffs in error contended throughout the hearing of the cause that the residue of the estate of Hiram L. Boyes, deceased, was not acquired during coverture by the joint industry of the deceased and his wife, Lucy A. Boyes, but that it was either acquired before the marriage or represented reinvestments of funds and property belonging to deceased prior to said marriage. Under the existing facts, the burden was upon them to prove their contention, and the record conclusively shows that they failed to do so.

The judgment of the trial court being fully sustained by the evidence and the law governing such proceedings, the same is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.