PORTER, Ex'r, v. HANSEN et al

No. 30046.   Oct. 28, 1941.

Rehearing Denied April 14, 1942.

*124 P. 2d 391.*

430

P. G. Fullerton and John P. Fullerton, both of Lawton, for plaintiff in error.

E. L. Richardson, of Lawton, for defendants in error.

HURST, J. This case involves the law of collateral attack of judgments. A brief summary of the facts is necessary to an understanding of the questions involved. Hans Peter Hansen died testate in 1929. By his will, which was duly admitted to probate in Comanche county, he left all his property to his widow, Caroline Hansen, "for her use during her lifetime, which shall be in lieu of her statutory rights in and to my estate, and all of said property and the income therefrom, remaining at her death, I will, devise, and bequeath as follows: To each of the following named persons, Delma Hansen, my niece; Annie Carpenter, my niece; Rasmus Clausen, my nephew; Annie Marie Lyster, my sister-in-law; Hans Christian Jacobsen, my brother-in-law; Andreas Peter Jacobsen, my brother-in-law, I will, devise and bequeath the undivided one-sixth (1/6) of all the rest, residue and remainder of my said property remaining at the death of my wife, Caroline Hansen."

On January 5, 1931, the county court, by final decree, distributed his estate as follows:

". . . to Caroline Hansen, who, under and by virtue of the will of the said Hans Peter Hansen, deceased, is the owner of a life estate in and to all of said property, including the homestead of the said deceased and his said widow, which said property she is to possess, control and use during her lifetime under the terms of said will; and it is further ordered, adjudged and decreed that all of said above-described property and all income therefrom remaining at the death of the said Caroline Hansen, widow of said deceased, shall be transferred, vested, assigned and conveyed as follows, to wit: an undivided one-sixth interest in and to the rest, residue and remainder of said property remaining at the death of the said Caroline Hansen to each of the following named heirs of said deceased, as follows: . . . (naming the six persons as named in the will). . . ."

Caroline Hansen made no objection to the probate of the will of Hans Peter Hansen, nor did she file an election whether to take under the will or under the law, nor did she appeal from the final decree. The executor, pursuant to the final decree, delivered all the property to her, and she received it and

kept possession thereof until her death. On January 10, 1931, the executor was discharged and the estate was closed.

On January 29, 1938, Caroline Hansen sold to one Soper one of the lots so held by her. Her title and right to convey the lot being questioned by Soper's attorney, Soper brought an action to quiet his title to the lot, and to construe the will of Hans Peter Hansen as conveying his property to her in fee with the power of disposition as her convenience and necessities required. Caroline Hansen and all other devisees under the will were made defendants. The district court adjudged: (1) that the lot conveyed to Soper was purchased with her individual funds, and was her property, though title was in the name of her husband; and (2) that the will gave her the property of Hans Peter Hansen for her use during her lifetime, with power of disposition, and quieted Soper's title.

On March 10, 1938, Caroline Hansen filed in said probate cause a petition for appointment of herself as special administratrix of said estate, alleging that she had learned that under the law she took the fee title to all the property of her deceased husband, and that the final decree theretofore entered was void, and beyond the power of the court; that she has never elected to take under the will or waived her right of election, and that she now elected to take under the law and not under the will, and that a special administrator should be appointed in order that she could make formal election. On the same day, without notice of any kind, the county court entered an order appointing her special administratrix, and thereafter permitted her to make a formal election to take under the law, held the will void, vacated the final decree of January 5, 1931, and on April 8, 1938, entered another final decree distributing all the property to her as sole heir, as property acquired by the joint industry of herself and Hans Peter Hansen.

Thereafter, on July 7, 1939, on application of the defendants herein, the county court entered an order vacating the second final decree, holding that all the special administration proceedings and the order vacating the first final decree were void.

No appeal was taken from any of the orders above mentioned or from the Soper judgment.

Caroline Hansen died testate prior to the entry of the order of July 7, 1939. The plaintiff as executor of her will filed this action on August 3, 1939, against the defendants, Delma Hansen, Annie Carpenter, and Rasmus Clausen, nieces and nephew of Hans Peter Hansen, and residuary devisees under his will, to quiet title to various pieces of real estate covered by the will of Hans Peter Hansen. The other residuary devisees, blood relatives of Caroline Hansen, were not made parties. The petition refers to the second final decree and the Soper judgment, and then alleges that the defendants are thereby estopped from claiming that said property was not vested in Caroline Hansen with full power of disposition. The petition also alleges that Caroline Hansen was not represented by counsel in connection with the administration of the estate of her husband, and that she was advised by the executor of his will and believed that the property was, by his will, given to her with full power of disposition, and did not learn that the defendants were contending otherwise until about the time the Soper suit was instituted.

The defendants, in their answer, asserted the finality of the first final decree, denied the validity of the second final decree, alleged its vacation, denied that the Soper judgment has any binding effect in this action, and in a cross-petition asked that their title be quieted, for partition of the property, and an accounting.

The court entered judgment quieting the title of the defendants in an undivided one-half interest in the property, directing partition of the same, ordering an accounting, and decreed that Caroline Hansen did not have the right to dispose of said property, and that her attempt to do so by her will was ineffective. Plaintiff appeals.

Plaintiff makes three contentions: (1) That the will, and the decree of distribution of January 5, 1931, are void unless construed as vesting the property in Caroline Hansen with full power of disposition by deed or will; (2) that the judgment is a collateral attack on the judgment rendered by the district court in the action brought by Soper; and (3) that the judgment finding that Caroline Hansen elected to take under the will is not sustained by the evidence, and is contrary to law.

1. There are three aspects to the first proposition: (a) Was the will void; (b) was an election made; and (c) is the first decree void, and therefore subject to collateral attack?

a. Plaintiff asserts that the widow was entitled to the entire estate under the provisions of the fifth subdivision of section 1617, O. S. 1931, 84 O.S.A. § 213, since her husband left no issue, no father, no mother, no brother and no sister, and consequently she was a forced heir to the entire estate. He also asserts that the widow was entitled to the entire estate under the proviso to the second subdivision of section 1617, since the property was acquired by the joint industry of husband and wife during coverture. He then concludes that under the provisions of section 1539, O. S. 1931, 84 O.S.A. § 44, the husband could not will any of the property away from the widow.

The record discloses that the plaintiff, in the lower court, did not rely on the fifth subdivision of section 1617, but relied solely on the proviso to the second subdivision. While we think the defendants are correct in arguing that the plaintiff cannot now change his theory in this court in order to obtain a reversal (see Goodwin v. Shi, 181 Okla. 8, 41 P. 2d 816), we think the question is not material in the instant case. If, as we hold, the will is only voidable at the election of the widow when the inheritance is governed by the proviso in the second subdivision, it would likewise be voidable only at the election of the widow when the inheritance is governed by the fifth subdivision.

While there are expressions in some of our decisions that a will made in contravention of the proviso in the second subdivision is "void" and "invalid" as to the widow (see Bank of Commerce v. Trigg, 138 Okla. 216, 280 P. 563; Ward v. Cook, 152 Okla. 234, 3 P. 2d 728), yet the words are there used loosely, as is so frequently the case (67 C. J. 265) when the word "voidable" was intended. The true rule is that a will which gives to a forced heir less than the cited statutes give him or her is voidable as to such forced heir at his or her election. The will is rendered valid when the heir elects to take under the will, but is rendered inoperative as to such heir by his or her election to take under the law.

b. An election by a forced heir to take under the will may be implied from the acts and conduct of such heir. There is no set rule for determining what conduct amounts to such an election. Fox v. Fox, 117 Okla. 46, 245 P. 641. Participation by such heir in the probate of the will and in the administration of the estate thereunder and taking the property in accordance with the provisions of the will have been held sufficient to support a finding of such election. Long v. Darks, 184 Okla. 449, 87 P. 2d 972; Stevens v. Rogers, 180 Okla. 305, 68 P. 2d 821; Appeal of Baker's Estate, 170 Okla. 595, 41 P. 2d 640; Matteson v. White, 98 Okla. 190, 224 P. 499.

c. We come now to the most important question under the first proposition. Was the final decree, entered on January 5, 1931, vesting in the widow "a life estate in and to all of said property, . . . which said property she is to possess, control and use during her lifetime under the terms of said will," and vesting the remainder in the named residuary devisees and legatees, void and subject to collateral attack? Clearly the attack made upon said final decree by the special administration proceedings above mentioned and by the instant case is a collateral attack thereon. 34 C. J. 520, § 827; 31 Am. Jur. 204, § 610; May v. Casker, 188 Okla. 448, 110 P. 2d 287.

The county court, in probate matters, is a court of general jurisdiction, and every possible presumption is indulged in support of its judgments in such matters. Vinson v. Cook, 76 Okla. 46, 184 P. 97; Abraham v. Homer, 102 Okla. 12, 226 P. 45; Dawkins v. Peoples Bank & Trust Co., 117 Okla. 181, 245 P. 594. Every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction. First Nat. Bank of Kingfisher v. Darrough, 162 Okla. 243, 19 P. 2d 551; Bowling v. Merry, 91 Okla. 176, 217 P. 404. It follows that where the record is silent as to the existence of any fact necessary to the validity of the judgment of such a court, it must be presumed on collateral attack that the court inquired into and found the existence of such fact. Johnson v. Furchtbar, 96 Okla. 114, 220 P. 612; Manuel v. Kidd, 126 Okla. 71, 258 P. 732. Therefore, it must be conclusively presumed in the instant case, involving a collateral attack, that the county court, in entering the final decree of January 5, 1931, distributing the property of the estate in accordance with the terms of the will, found that Caroline Hansen had elected to take under the will.

But plaintiff contends that the county court was without jurisdiction to construe the will. Such is not the law. In the performance of the statutory mandate that the county court in settling the estate of a decedent "must name the persons and the proportions or parts to which each is entitled" (section 1359, O. S. 1931, 58 O.S.A. § 632) the court must necessarily determine who those persons are and the extent and nature of their rights. To do so in the case of testate property, the court has authority to construe the will. Gassin v. McJunkin, 173 Okla. 210, 48 P. 2d 320; Goad v. Montgomery, 119 Cal. 552, 51 P. 681; Bancroft's Probate Practice, § 1153.

The determination by the county court that under the will Caroline Hansen received only a life estate in the property belonging to Hans Peter Hansen was within the jurisdiction of the court. The rights of all the devisees in such property were thereby fixed. In re Hick's Estate, 189 Okla. 310, 116 P. 2d 905. Caroline Hansen could not thereafter elect to take under the law, nor could the county court permit her to do so, nor could she defeat the interests of the residuary legatees by devising it to others, as she attempted to do.

But the plaintiff contends that, under the decisions in Bank of Commerce & Trust Co. v. Trigg, above, Ward v. Cook, above, and Appeal of Sims' Estate, 162 Okla. 35, 18 P. 2d 1077, the first final decree was void and subject to collateral attack. The Trigg Case involved a direct attack upon the final decree, by appeal, and is not in point. In the other two cases, which involved collateral attacks, the judgment affirmatively showed facts which were held to render the same void and beyond the jurisdiction of the court. They would be in point if the judgment in the instant case affirmatively showed that the widow had made an election to take under the law, and that she was entitled to the whole estate. The cases relied on by the plaintiff are therefore not in point.

The property was, under the terms of the final decree, distributed under the will as construed by the county court. The first final decree was valid and not subject to collateral attack. The orders made in connection with the special administration proceedings and second final decree, being a collateral attack on the first final decree, were void on the face of the judgment roll, were subject to collateral attack, and the county court properly vacated all orders made in connection therewith. Sections 563 and 564, O. S. 1931, 12 O.S.A. §§ 1038 and 984.

2. Plaintiff's second contention is based upon the statement in the journal entry of judgment in the action brought by Soper, heretofore referred to, that by the will Caroline Hansen was given all of the property of her deceased husband "for her use during her lifetime with the power of disposition and that her deed of conveyance vested a fee-simple title in the plaintiff." Therein the court further found and held that the

lot in controversy was paid for with the separate funds of Caroline Hansen, and was her separate property though carried in the name of her husband. The issues made between Caroline Hansen and the other devisees under the will are not shown, but the journal entry recites that the court permitted her to amend her pleading by setting up her claim that the lot involved was her separate property, and that she then withdrew her cross-petition against the other devisees. It is apparent that the term "disposition," as used by the court, referred to disposal by sale, as the request of Soper for a construction of the will went only to the validity of the sale to him of the lot in question. The right of disposal by will was not involved, and from the record it does not appear that there was, in the pleadings or evidence, any issue between Caroline Hansen and the other devisees as to her rights under the will. In view of the finding that the lot involved was her separate property, no construction of the will was necessary to the rendition of the judgment. Therefore, that judgment does not operate as an estoppel upon the right of the defendants to question in the instant case her right to dispose of the property by will. See 34 C. J. 745; 30 Am. Jur. 912. Nor is the present case a collateral attack upon that judgment, for the question presented in the instant case was not raised or determined in the action brought by Soper, and defendants do not seek to overthrow or impeach that judgment. See 34 C. J. 511; 15 R.C.L. 838.

In view of our holding that the final decree of distribution is conclusive, it becomes unnecessary to dispose of the third contention made by plaintiff, that the evidence was insufficient to establish an election by the widow.

Affirmed.

CORN, V. C. J., and RILEY, BAYLESS, and DAVISON, JJ., concur. WELCH, C. J., and OSBORN, GIBSON, and ARNOLD, JJ., dissent.