In re TAYRIEN'S ESTATE.
LUCAS v. TAYRIEN.

No. 35606. Nov. 5, 1952.

*250 P. 2d 16.*

Fred B. Woodward and E. E. Heyl, Bartlesville, for plaintiff in error.

Chas. W. Pennel and A. O. Harrison, Bartlesville, for defendant in error.

BINGAMAN, J. The last will and testament of Charles A. Tayrien, deceased, was admitted to probate in the county court of Washington county, on April 6, 1951. The executrix qualified and proceeded with the administration of the estate. On the 2nd day of November, 1951, prior to the filing of the final report of the executrix and prior to any proceedings. to determine the heirship or distribute the estate, Emma Lucas, who was not named in the will, filed in said proceedings a pleading styled, "Petition for Dstribution by Heir". In this pleading she alleged she was the daughter of the decedent, that she had been unintentionally omitted from mention in the will, and that she was therefore entitled to receive an undivided one-third interest in said estate, and that such interest be awarded to and then distributed to her. The executrix responded by a pleading styled, "A Motion for Judgment on the Pleadings". This was in effect a motion to dismiss. The county court sustained the motion of the executrix.

On appeal the district court affirmed the judgment of the county court.

The petition filed by the said Emma Lucas does not attempt to comply with the provisions of 84 O. S. 1951 §§251 and 252. It was filed prior to the filing of the final account and petition for distribution by the executrix and is premature for an assertion of her rights for distribution under the general probate statutes, 58 O.S. 1951 §§631 and 632. In Boyes' Estate v. Boyes, 184 Okla. 438, 87 P. 2d 1102, we held that no pleading was necessary for the assertion of rights by an alleged heir on determination of heirship under the general probate statute. Apparently, therefore, the petition filed by Emma Lucas is a petition for partial distribution under 58 O.S. 1951 §§621 to 625, inclusive.

The motion filed by the executrix disputes the right of the said Emma Lucas to share in this estate, and, there existing a contest as to her right to inherit, partial distribution to her would be improper and any attempted determination of heirship at that time would not be final.

"A determination of heirship upon partial distribution in the nature of things would not be final, and as we interpret the statute, it could not be made at all if the heirship to the estate was disputed." In re Coyne's Estate, 103 Okla. 279, 229 P. 630.

Since under the authority above quoted the county court was without power to determine heirship upon the filing of the petition for partial distribution, it follows that that portion of the judgment which purported to do so is void and does not deprive Emma Lucas of her right to re-assert her claim upon final distribution of the estate. The judgment is therefore not a final judgment, nor does it affect any substantial right of the parties. It was therefore not an appealable order or judgment. 58 O.S. 1951 §721.

Appeal dismissed.

HALLEY, V.C.J., and WELCH, GIBSON, DAVISON, and O'NEAL, JJ., concur.