208 Okla. 101 (1953)
253 P.2d 174
In re EVERHART'S ESTATE.
MARKS
v.
EVERHART et al.
No. 35306.
Supreme Court of Oklahoma.
January 10, 1953.
Rehearing Denied February 17, 1953.
Ted R. Fisher and Allan Falkenstine, Watonga, for plaintiff in error.
Robinson & Armstrong, Watonga, for defendants in error.
HALLEY, V.C.J.
J.B. Everhart died December 20, 1946, leaving the following will:
"I, J.B. Everhart, do hereby declare the following to be my last will and testament.
"1. I give, devise and bequeath all my personal property, of every kind, to my wife, Alva Everhart.
"2. All the real estate which I own, I give, devise and bequeath to my wife, Alva Everhart, to have and to hold during her lifetime, or until her remarriage; and at the death or remarriage of my wife, unless I make further provision hereafter, I give, devise and bequeath all my real estate to my heirs at law, except that William McKinley Poole, Les Poole and Emma May Pruiett are hereby excluded from sharing in my estate in any manner.
"3. I hereby appoint my wife executrix, without bond, of my estate.
"Signed by me this 4th day of December, 1946.
 "(Signed) J.B. Everhart."
The will was duly admitted to probate in the county court of Blaine county, Oklahoma, and the surviving wife, Alva Everhart (now Marks), appellant herein, qualified as executrix. After all claims had been paid she filed her final report and petition for distribution, in which she said in part:
"That said decedent died without making any other or further provision regarding the disposition of his real estate, other than as set forth above; that he died leaving no child, nor issue of any deceased child, but leaving your executrix, his surviving wife, and the following named persons as his sole and only heirs at law under the laws *102 of descent and distribution of the State of Oklahoma, to-wit:" (naming all of the heirs at law of the testator).
After alleging that J.B. Everhart died without making any other or further provision regarding the disposition of his real estate and that she, as the surviving wife of the decedent, had elected to take under the will, she prayed in part as follows:
" * * * that the heirs at law of the said J.B. Everhart, deceased, and the beneficiaries under the terms of his last will and testament, may be determined; and that thereupon all of the rest and residue of the property belonging to said estate, including the money, personal property and real estate above described, may be finally assigned, conveyed and distributed to the beneficiaries named in said will, and in the manner as therein set forth."
The final account was approved and decree of distribution entered. The executrix and the attorney she had selected to represent her appeared and were present when the above decree was entered. The pertinent portions of the decree of distribution are as follows:
"It is further ordered, adjudged and decreed by the court that the said J.B. Everhart, deceased, died testate, and that under the terms of his last will and testament all of his personal property is bequeathed to Alva Everhart, surviving wife, and that under the terms of said will all of the real estate above described is bequeathed and devised to the said Alva Everhart, to have and to hold for and during her natural lifetime, or until her remarriage, and that the interest in remainder in the said real estate is devised to the following named persons, in the following proportions, to-wit: * * *" (naming all of the heirs except the surviving wife).
The decree of distribution was entered September 9, 1947. The present action to set aside a portion of such decree was filed in the county court on March 19, 1951. In this petition she alleged that the portion of the decree of distribution set forth above, omitting her name from the list of remaindermen to whom the real estate was distributed subject to her life estate therein or her remarriage, was void, and alleged that she was entitled to a onehalf interest in the real property as an heir at law of the testator.
Respondents filed objections and answer to the application of Alva Marks to vacate that portion of the decree of distribution. It was stipulated that there had been no changes in or additions to the heirs of decedent between the date of his death and the remarriage of his surviving wife on September 10, 1950. The county court denied the application to vacate that portion of the decree. Alva Marks appealed to the district court, where a hearing was had, and that court denied her application to vacate; and from that order she has appealed to this court.
We shall refer to Alva Marks as "appellant" and to the other parties as "respondents."
Appellant presents as a single proposition that the judgment of the trial court is contrary to the law and to the evidence. A number of subheadings are used, but all of the issues presented appear to revolve around two questions: (1) Did the testator intend to exclude his surviving wife from any interest in his real property upon her remarriage? (2) Is the surviving wife precluded, by the lapse of time or otherwise, from attacking the order of distribution after her remarriage?
Our statutes provide in 84 O.S. 1951 §§ 151-152, that a will is to be construed according to the intention of the testator. In sec. 152 it is said that if uncertainty arises upon the face of a will as to the application of any of its provisions, " * * * the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations."
In Porter v. Porter, 97 Okla. 231, 222 P. 971, it was said:
*103 "In the interpretation of a formal will, the intention of the testator must be determined from a consideration of the whole instrument, and, where the language used clearly shows that the testator had in mind certain statutory provisions in the preparation of his will, his intention as expressed in his will must be deduced from the language used, aided by a consideration and application of such statutory provisions."
We think the will reveals that it was the intention of the testator to exclude his wife from the further use and enjoyment of his real property upon her remarriage. He gave her all of his personal property without condition. He then gave her all of his real property, consisting of 560 acres of land, as long as she lived and did not remarry. She would clearly have enjoyed all of his estate as long as she lived had she not remarried. The bequests to her were in paragraph (1) and the opening sentences of paragraph (2) of the will. In the latter part of the second paragraph, the testator said: "I give, devise and bequeath all of my real estate to my heirs at law * * *", excepting the three heirs expressly excluded from sharing in the estate in any manner. Had J.B. Everhart intended to give his wife an interest in the remainder of his real property, we think he would have indicated such intention in some manner, after giving her the use and enjoyment of his entire estate during her lifetime or until she remarried. It is not an unnatural bequest for a man to make full and ample provision for his surviving wife during her lifetime or until she remarries. When she remarries it becomes the moral and legal obligation of her new husband to support her and provide for her needs.
Had Alva Everhart elected to take under the law of succession (84 O.S. 1951 § 213), she would have received one-half of the real property without condition; but she elected to take under the will. It is admitted that a surviving wife is a "heir at law", as the term is used in our statutes of succession, but we do not believe the testator intended to include her in that class in his will, when the other parts of the will are considered.
Respondents contend that the present action is a collateral attack upon the decree of distribution, since no appeal was taken and no effort made to modify or vacate until the present action was filed. That portion of the decree sought to be vacated because void upon its face is quoted above.
It is not disputed that the county court had jurisdiction of the parties and of the subject matter in entering the decree of distribution.
In Porter v. Hansen, 190 Okla. 429, 124 P.2d 391, it is said in the sixth syllabus:
"The county court, in the performance of the statutory mandate that, in settling the estate of a decedent, it `must name the persons and the proportions or parts to which each is entitled' (sec. 1359, O.S. 1931, 58 Okla. St. Ann. 632), must determine who the beneficiaries are and the extent and nature of their interest, and in doing so it has jurisdiction to construe a will under which the property is disposed of."
In Hetherington v. Falk, 173 Okla. 437, 49 P.2d 756, the rule is stated in the second syllabus as follows:
"A county court having acquired jurisdiction in probate to decree distribution of a decedent's estate and a determination of heirs entitled thereto in the manner provided by sections 1358-1361, O.S. 1931, and a decree of distribution having been rendered, the presumption arises that the court had before it sufficient evidence to authorize it to award such judgment."
The third syllabus is as follows:
"A decree of distribution made by the county court in probate, having jurisdiction of the settlement of a decedent's estate on a hearing as provided in sections 1345, 1350, 1351, 1358 and 1359, O.S. 1931, distributing to the heirs their respective shares of the estate of the deceased, is conclusive, in the absence of a showing of fraud *104 or collusion, as to the rights of the parties interested in the estate unless reversed or modified on appeal, and such a decree is not subject to collateral attack. (Citing National Exploration Co. et al. v. Robins, 140 Okla. 260, 283 P. 236.)"
In Porter v. Hansen, supra, the rule is announced in the first, third, and eighth paragraphs of the syllabus as follows:
"A will which gives to a forced heir less than the heir would receive by inheritance is not void, but is merely voidable as to such forced heir at his or her election. Secs. 1539 and 1617, O.S. 1931, 84 Okla. St. Ann. 44 and 213."
"A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it."
"The final decree of the county court, valid on its face, making distribution of a decedent's estate, is binding and conclusive on the heirs, devisees and legatees, and, in the absence of fraud, mistake, or collusion, the proceeding may not be reopened so as to permit an election by one devisee which will deprive others of property vested in them by such final decree."
In the body of that opinion it was said:
"While there are expressions in some of our decisions that a will made in contravention of the proviso in the second subdivision is `void' and `invalid' as to the widow (see Bk. of Com. v. Trigg, 138 Okla. 216, 280 P. 563; Ward v. Cook, 152 Okla. 234, 3 P.2d 728), yet the words are there used loosely as is so frequently the case (67 C.J. 265) when the word `voidable' was intended. The true rule is that a will which gives to a forced heir less than the cited statutes give him or her is voidable as to such forced heir at his or her election."
In Okfuskey v. Corbin, 170 Okla. 449, 40 P.2d 1064, it was said:
"It will thus be seen that at that time, upon the petition of Johnnie Okfuskey, in his presence and in the presence of Cindy Okfuskey, the mother of Billie Okfuskey, proof was made that Billie Okfuskey was the son and heir of Weatie Okfuskey, and a finding was made to that effect, and decree of distribution was made. * * *
"The decree thus made appears to have stood without question until about September 30, 1924, some three years and six months, when Johnnie Okfuskey filed his petition in the county court to set aside such finding of heirship and decree of distribution.
" * * * we are of the opinion that the county court was without jurisdiction to set aside the finding of heirship and decree of distribution."
And in the same case, syllabus 2 is as follows:
"Where a finding of heirship and final decree of distribution, made in a probate proceeding in the county court, is not appealed from and becomes final, a further order of the county court made more than three years thereafter purporting to set aside the same and making a different disposition of a portion of the entire estate is void."
In the absence of any claim of fraud, mistake, or collusion, and in view of the fact that the county court in probate matters is a court of general jurisdiction and its judgments entitled to the same weight as those of other courts of record, when the decree of distribution was not appealed from or otherwise questioned for more than three years after its entry, it became immune to collateral attack. This proceeding constitutes such an attack. Hetherington v. Falk, supra; Gassin v. McJunkin, 173 Okla. 210, 48 P.2d 320; Porter v. Hansen, supra.
The contention that the decree of distribution is void upon its face is answered in the negative in Porter v. Hansen, supra.
There is no claim that appellant did not have notice of the decree of distribution. The record shows that she and her attorney were present at the hearing at which such decree was entered, *105 and that she testified at such hearing. She accepted the terms of the decree, omitting her name as an heir at law taking a share of the real property. She entered into full possession of the real estate under such decree and made no protest against any of its terms until some of the remaindermen commenced an action in partition.
If there is any error in the decree of distribution, it is an error of law and does not render such decree subject to collateral attack.
We conclude that the county and district courts correctly construed the will of J.B. Everhart in holding that it was his intention that upon the remarriage of his wife her interest in his real property should cease, and that it be distributed to the heirs named in the decree of distribution.
We also conclude that the present action constitutes a collateral attack upon the judgment, and that the same cannot be prosecuted more than three years after the entry of the decree of distribution, which was not appealed from.
The judgment of the trial court is therefore affirmed.
CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. WELCH, GIBSON, and DAVISON, JJ., dissent.