In the Matter of the ESTATE OF
James P. DILLEY, Deceased.

LEC CAPITAL CORPORATION,
Appellant,

v.

Michael DILLEY, as Personal Representative of the Estate of James P. Dilley, Deceased, and Michael Dilley, Individually, Appellee.

No. 85076.

Court of Appeals of Oklahoma,
Division No. 1.

May 24, 1996.

Jim D. Shofner, Tulsa, for Appellant.

Eugene P. deVerges, Tulsa, for Appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

LEC Capital Corporation (Appellant or LEC) seeks reversal of the order of the District Court of Tulsa County dismissing its Petition, filed in this probate proceeding, whereby LEC asked the court to require Michael Dilley, as Personal Representative of the Estate of James P. Dilley,[1] deceased, and Michael Dilley, individually (Appellee or PR), to account for the assets of the estate and for the handling of its funds.

Prior to the death of James P. Dilley, two corporations, Yale Exploration Corporation and Dilley Corporation, borrowed money from the First National Bank and Trust of Yale, Oklahoma, and executed promissory notes to the bank evidencing the debts. James P. Dilley was a guarantor of those notes. In addition, the notes were secured by mortgages on real property, leasehold estates, proceeds of the leaseholds, and oil and gas leases. Bank failed. LEC purchased the notes and mortgages from the Federal Deposit Insurance Corporation, and FDIC assigned them to LEC.

LEC sued the two corporations and James P. Dilley, personally, on the notes and to foreclose the mortgages. The action was filed in Payne County District Court because the mortgaged property is located in that county. While that action was pending, James P. Dilley died and his surviving wife was appointed Personal Representative. Upon her death Michael Dilley was appointed the successor Personal Representative. He was substituted as a party defendant in his representative capacity, in the Payne County foreclosure action.

It is undisputed that Notice to Creditors was given to LEC pursuant to statute. Whether LEC filed a creditor's claim in the probate proceeding within the time allowed is not clearly established by the appellate record. The record appears to establish that the Payne County action is pending and is being prosecuted. LEC does not seek a deficiency judgment in the foreclosure action.[2] However, it is clear that LEC did not file an action, after a creditor's claim was denied by a PR in the probate within the time allowed by statute.

LEC filed the petition for accounting in the Tulsa County probate proceeding. PR filed a motion to dismiss. Neither the petition filed by LEC, nor the motion to dismiss filed by PR are in the Appellate record. The order of dismissal is in the record. We must presume the trial court acted properly.

1. Apparently, James P. Dilley was also known as James G. Dilley, and his full name was James Patton Dilley. In this Opinion we will use the name, James P. Dilley, and we intend to refer to the same person regardless of what name he used.

2. At one point LEC's attorney advised the court that it did not seek a deficiency judgment because no claim was filed, and at another point the reason given for not seeking a deficiency judgment was failure to comply with the probate code. At another time the court was told the claim was denied by inaction.

*FDIC v. Jernigan,* 901 P.2d 793 (Okl.1995). Error may not be presumed from a silent record, but must be affirmatively demonstrated by the party seeking a reversal. *Nwachuku v. Yellow Cab Co., Inc.,* 895 P.2d 741 (Okl.App.1995).

However, the record and the briefs of the parties contain sufficient data and admissions to present the basic issue for decision. See *Stork v. Stork,* 898 P.2d 732, 737 footnote 10. That issue is: Did LEC have standing to file and prosecute its petition for accounting in the probate proceeding. The trial court said "no" and dismissed the petition. We agree and affirm.

Probate is purely statutory. The jurisdiction and power of the District Court, when acting as a probate court must be exercised in the manner prescribed by statute. 58 O.S.1991 § 1. While a probate proceeding is equitable in nature, *Hawkins, v. Hitchcock,* 365 P.2d 971 (Okl.1961), the administration of a deceased's estate is not an "action at law" or an "action in equity", but is a "probate proceeding". *Boyes Estate v. Boyes,* 184 Okla. 438, 87 P.2d 1102 (1939).

To have standing to prosecute a petition, praying that a personal representative of a decedent's estate be required to make an accounting, the petitioner must be a person interested in the estate. 58 O.S.1991 § 543. A stranger to the estate and the probate proceeding may not participate.

LEC is not a party interested in the probate proceeding. The only possible interest LEC could have would be that of a creditor. The only manner in which LEC could be a creditor would be by obtaining a deficiency judgment in the Payne County foreclosure action. LEC does not even seek a deficiency judgment in the foreclosure matter. If such relief were sought, it would be barred by 58 O.S.1991 § 333.

LEC's petition for an accounting was properly dismissed.

AFFIRMED.

JONES, P.J., and JOPLIN, J., concur.